HENRY H. GAGE

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896—Rehearing denied October 13, 1896.*

1. TAXES—*application for judgment for delinquent assessment—what available.* The objection that the street to open which the assessment was levied was opened and established before the petition for condemnation was filed or the assessment made, is not available upon an application for a judgment against lands for a delinquent assessment.

2. APPEALS AND ERRORS—*failure of bill of exceptions to show facts supplied by the record.* Judgment against lands for a delinquent assessment will not be reversed for failure of the bill of exceptions to show a delinquent return made to the county treasurer, or the treasurer's return to the county court, or publication of notice of application, where the court finds and recites in its record, independently of the bill of exceptions, all the facts necessary to make out the collector's case.

3. SAME—*informal judgment—when new trial will not be awarded upon reversal.* The Supreme Court will not award a new trial upon reversal of a judgment which does not conform to the statute, where no error appears prior to the attempted entry of such judgment, but will direct the trial court to enter a proper judgment.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

AUGUSTUS N. GAGE, for appellant.

J. D. ADAIR, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was an application in the court below by the treasurer and *ex officio* collector of Cook county for a judgment against certain lands of appellant for a delinquent special assessment to open a street in the city of Chicago. He presented his sworn report of the delinquent land, with proper proof of publication and notice of his intended application for judgment. Appellant filed several objections, which, on the hearing, were overruled and a judgment of sale entered.

Appellant insists, first, that the county court erred in overruling his third objection, the substance of which is, that the street, to open which the assessment was levied, was opened and established as a street long before the petition for condemnation was filed or the assessment made. This objection is not based upon any claim that due notice of the application for confirmation of the special assessment was not given in the proceeding to levy the same. On the contrary, it affirmatively appears that there was such notice, and that appellant, in fact, then appeared and resisted the judgment confirming said assessment. Under this state of facts it is too well settled by the decisions of this court that the objection is not available in this proceeding to call for the citation of cases, and the objection might properly have been overruled on that ground. But the objection could not be availed of in either proceeding. (*Newman* v. *City of Chicago*, 153 Ill. 469.) It was there decided the objection could not be made in a proceeding to confirm the assessment, and for the same reason it could not be urged in this application for judgment on the delinquent assessment.

It is next insisted that there was no evidence offered to the court to show a delinquent return to the county treasurer, his return to the county court or publication of his intended application for judgment. This contention seems to be based upon the fact that the bill of exceptions appearing in the record shows: "Present, John D. Adair, Esq., for the city; A. N. Gage and Gail E. Deming for the objector, Henry H. Gage. The city in its behalf offered in evidence the delinquent list, the collector's return, certificate of publication with affidavit attached thereto, and notice of application for confirmation of the assessment, so far as it relates to the property in controversy," etc. It is said that this fails to show that the county treasurer was present or offered any evidence in his behalf. As we have already said, the treasurer presented to the court his delinquent list,

sworn to, with proof of publication and notice, which facts appear from the record independently of the bill of exceptions. We have uniformly held that by presenting these facts to the county court the collector makes out a *prima facie* case entitling him to the judgment asked for, unless valid reasons to the contrary are shown by the objector. (See *People* v. *Givens,* 123 Ill. 352, and cases cited.) Many later cases are to the same effect. The court in this case found and recited in its record the existence of the facts necessary to make out the collector's case, and then ordered that parties desiring to object to the rendition of judgment against their lands should file their objections thereto in writing by a certain time. The bill of exceptions simply shows the evidence introduced by the city attorney and counsel for the objector, and it in no way disproves the facts upon which the collector relied for his judgment. We find no reversible error in this record preceding the entry of the judgment.

It is, however, conceded by counsel for appellee that the judgment attempted to be entered is not in conformity with the requirements of the statute,—in fact it is no judgment at all, but rather an order for a sale of the property. In this state of the record, no error appearing prior to the entry of the judgment, the practice in this court is firmly established, even in criminal cases, (see *Wallace* v. *People,* 159 Ill. 446, and cases there cited,) not to send the case back to the trial court for a *venire facias de novo,* but simply to enter a proper judgment in the case. *Martin* v. *Bernhardt,* 39 Ill. 9 ; *McNulta* v. *Ensch,* 134 id. 46; *Meyer* v. *Village of Teutopolis,* 131 id. 552.

The judgment of the county court will accordingly be reversed and the cause remanded to that court, with leave to counsel for appellee to move for, and directions to the county court to enter, a proper judgment in the case. *Reversed and remanded.*