HENRY H. GAGE *v.* THE PEOPLE *ex rel.*

and

A. B. McCHESNEY *v.* THE PEOPLE *ex rel.**

*Opinion filed December 16, 1903.*

1. SPECIAL ASSESSMENTS—*when special assessment is due.* A special assessment is due and payable when the warrant for its collection is issued, and not before.

2. SAME—*when advertisement shows prima facie date when assessment is due.* An advertisement of delinquent special assessments which gives the number of each warrant and the date when it was certified for collection shows *prima facie* the date when the assessment was legally due, and the notice need not show that the assessment had not been modified or set aside or the warrant recalled.

3. SAME—*name of owner, if known, must be stated in notice.* Failure to give the name of the owner of delinquent property in the advertised list, if known to the collector, renders the notice bad, and the fact that the collector has given the name correctly in the delinquent list is sufficient evidence that he knew it.

4. SAME—*collector not bound to search records of other offices to learn name of owner.* If the name of an owner of delinquent property does not appear in the advertised list nor in the delinquent list, the fact that it appeared in the original assessment roll does not charge the collector with notice of such name.

5. SAME—*what competent as tending to show collector's knowledge of name.* As tending to show the collector's knowledge of the name of a property owner omitted from the advertised list and the delinquent list, the delinquent list of the previous year giving such name correctly is competent evidence.

6. SAME—*fees accruing after advertisement may be included in judgment.* In rendering judgment of sale for delinquent special assessment it is not improper to add fees and costs accruing subsequent to the advertisement.

7. SAME—*what is required to be shown by judgment.* A judgment for taxes should be in favor of the People against the tract or tracts of land, or parts thereof, for the sum annexed to each, or such part thereof as the court finds to be due and payable, being the amount of taxes, special assessments, interest, penalties and costs due severally thereon.

APPEALS from the County Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

*Consolidated with the above cases are Nos. 3285, 3286, 3287, 3288, 3289, 3290, 3291, 3292, 3294 and 3297, entitled *Gage* v. *People ex rel.*

F. W. BECKER, for appellants.

ROBERT REDFIELD, and WILLIAM M. PINDELL, (EDGAR BRONSON TOLMAN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Twelve appeals from judgments of the county court of Cook county were consolidated in this case on motion of the appellee, with the understanding that the records were identical except as to the description of the property, and that the errors assigned and points raised were the same. The judgments were entered on the application of the county collector of Cook county against lots in the city of Chicago for delinquent special assessments. In each case a special appearance was entered by the owner, and the jurisdiction of the court was challenged for alleged defects in the published notice of the application by the collector. The objections being overruled, there was no further appearance and the judgments were entered.

The first point made is, that the advertisement did not state the years for which the several assessments were due, as required by the statute. A special assessment is due and payable when the warrant for its collection is issued, and it does not become legally due, so that it may be demanded and collected from the owner, until that time. By the law the clerk is to certify the assessment roll and judgment, and with it issue a warrant for the collection of the assessment, and the warrant is authority for such collection. The advertisement in this case gave the number of each warrant and date when it was certified for collection, and therefore the date when the assessment was legally due was stated in the notice.

It is argued that the date of the certification and issue of the warrant does not give information as to the year for which the assessment is due, for the reason that the

assessment may have been subsequently modified, or the judgment may have been appealed from, or the warrant as originally certified recalled by the court. The notice, on its face, was sufficient in showing for what years the assessments were due, and it was not necessary to also show by the notice that an assessment had not been afterward modified or set aside or the warrant recalled.

It was a ground of objection, in each case, that the name of the owner was omitted from the advertisement. The record shows that the fact so alleged in the objections was not true as to any of the cases but three. In each of nine cases the name of the owner was given in the advertisement, and it was right to overrule the objection for want of any foundation in fact.

In case No. 3288, Henry H. Gage *v.* People, on warrant No. 25,532, the notice omitted the name of the owner and the delinquent list contained it. The statute provides that the notice shall contain the names of the owners if known, and the requirement is an important safeguard to the interests of persons against whose property judgment is to be asked. The object of notice is to apprise the owner of the intended application, and where the name of the owner is known to the collector, the failure to give it in the advertised list will render the notice bad. (Cooley on Taxation, 336.) In the case of *McChesney* v. *People*, 178 Ill. 542, the fact that the collector had given the owner's name correctly in the delinquent list was considered sufficient evidence that he knew it. The court erred in overruling the objection in No. 3288.

In No. 3297, Henry H. Gage *v.* People, on warrant No. 25,674, the name of the owner was omitted from the advertisement but it did not appear in the delinquent list, and the only evidence tending to show that the county collector knew the name of the owner was the original assessment roll. There was no evidence that the return of the delinquent special assessment to the county collector contained the name of the owner or that it was

otherwise brought to his knowledge. We do not think the collector was bound to search the records of other offices to learn the name of the owner.

As to No. 3301, A. B. McChesney *v.* People, on warrant No. 24,238, the record shows that the name of the owner was omitted from the notice, and the objector offered in evidence the delinquent list of the previous year upon the same warrant for the collection of the same assessment, giving A. B. McChesney as the owner of the lots in question. The court sustained an objection to the offered evidence and an exception was taken to the ruling. The collector had given the name of the owner correctly in the delinquent list of the previous year, which he could not have done if the name had been then unknown to him. Proof of that fact tended to show that the collector knew the name of the owner. It was competent to prove that he did know it, and it was error to reject the evidence tending to prove that fact.

The next point is, that the total amount due is omitted from the advertisement,—and this seems to apply to all the cases. There was a variance between the delinquent list and advertisement to the amount of twenty-three cents against each tract. The advertisement gave the total amount returned delinquent to the county collector and showed the amount due for the special assessment, but the delinquent list also contained the twenty-three cents for costs. The fees and costs allowed by law subsequent to the date of the advertisement are sufficient to cover this amount, and it is not improper, in rendering judgment, to add the subsequently accruing costs not earned at the time of the advertisement. The court was right in overruling that objection.

In each of the cases the form of the judgment is the same, and does not comply with the plain requirements of the statute. The court is required to examine the delinquent list, and to hear and decide upon written objections offered by any person interested in lands or lots

to the entry of judgment against the same, and to pronounce judgment as the right of the case may be.    The judgment must be in favor of the People of the State of Illinois, against the tract or tracts or lots of land, or part thereof, for the sum annexed to each, or such part as the court finds to be due and payable, being the amount of taxes, special assessments, interest, penalties and costs due severally thereon.    These judgments find nothing to be due and fix no amounts, by reference to the delinquent list or otherwise, but purport to be judgments "of sale" against the property for the amount of the special assessments, interest, penalties and costs due thereon.  A "judgment of sale" for whatever is due is not a judgment against the property for a definite or specific amount.    The statute contemplates a judgment against the property and an order for the sale of the same to satisfy the judgment, and the entry of a "judgment of sale" is rather an order for the enforcement of a judgment than a judgment itself.  The practice in such cases was settled in *Gage* v. *People*, 163 Ill. 39, and *McChesney* v. *People*, 171 id. 267, where the judgments were reversed, with directions to the county court to enter proper judgments.

The judgments in the cases No. 3288, Henry H. Gage *v.* People, and No. 3301, A. B. McChesney *v.* People, are reversed, and as to them the causes are remanded to the county court of Cook county for further proceedings in accordance with the views herein expressed.  The remaining judgments are reversed and the causes are remanded to said county court, with leave to the county collector to move for, and a direction to the county court to enter, a correct judgment in each case in accordance with the statute.             *Reversed and remanded.*