THE PEOPLE *ex rel.* Louis FitzHenry, Appellant, *vs.* THE UNION GAS AND ELECTRIC COMPANY, Appellee.

*Announced orally April 9, 1913.*

1. PRACTICE—*section 81 of Practice act construed.* Section 81 of the Practice act of 1907, requiring an appellant or plaintiff in error who desires to take up a portion, only, of the record, to serve notice upon the opposite party of the time and place where the *præcipe* for the record will be filed, together with a copy of the *præcipe,* is mandatory, in the sense that the notice must be given to enable the opposite party to file a *præcipe* for additional parts of the record if he so desires; but the giving of the notice is not an indispensable prerequisite to the right to have the record reviewed.

2. SAME—*what should be shown by appellee where appellant does not give notice of filing of præcipe.* If the appellant fails to give the statutory notice of his intention to file a *præcipe* for portions of the record which he desires reviewed, the appellee should show, by affidavit or otherwise, that the record as called for by appellant's *præcipe* is not sufficient to present the errors assigned or that additional portions are needed as a basis for assigning cross-errors, in which case the Supreme Court will make such order for an additional record, and the cost thereof, as is reasonable and just under the circumstances; but the failure to give the notice is not ground for dismissing the appeal.

MOTION to dismiss appeal.

P. J. LUCEY, Attorney General, A. W. PEASLEY, City Attorney, THOMAS E. DEMPCY, LOUIS FITZHENRY, and LESTER H. MARTIN, for appellant.

LILLARD & WILLIAMS, and SIGMUND LIVINGSTON, for appellee.

Mr. JUSTICE VICKERS announced the decision of the court:

Appellee has made its motion to dismiss the appeal on the ground that appellant failed to give five days' notice of the time when and the place where he would file his *præcipe* for a record, together with a copy of said *præcipe,* as is re-

quired by section 81 of the Practice act of 1907. (Hurd's Stat. 1911, p. 1780.) Appellee insists that the statute requiring notice of the filing of the *præcipe* for an appeal must be complied with, and that a failure to do so will justify the dismissal of the appeal.

That portion of the Practice act which is the basis of the present motion is as follows: "When a party to any judgment in any cause of a civil nature shall desire to prosecute a writ of error or take an appeal from such judgment, he shall serve upon the opposite party, or his attorney, five days' notice of the time when and place where he will file his *præcipe* for a record in such cause, together with a copy of such *præcipe,* and shall file with the clerk of the court to which said writ of error shall be directed, or from which said appeal shall be taken, a *præcipe* specifying such parts of the record only as shall be necessary to fairly present the errors which he shall assign, requesting said clerk to certify the same to the court of appeals; and, if the opposite party shall desire additional parts of the record certified upon which to assign cross-errors or to make more complete the record upon which the appellant or plaintiff in error will assign errors, he shall file an additional *præcipe* requesting the clerk of said court to certify such additional parts of the record as he shall deem necessary or desirable; and, if either party shall have certified parts of the record unnecessary or irrelevant to a fair consideration of the errors and cross-errors assigned upon the record of the trial court, the Supreme or Appellate Court shall tax the cost thereby unnecessarily occasioned against the party wrongfully having such unnecessary or irrelevant parts of the record certified to the court of appeal; and, hereafter, if any of the record contained in the bill of exceptions, certificate of evidence or report of trial, shall be unnecessary or irrelevant to a consideration of the errors and cross-errors assigned in the court of appeals, the record shall not be deemed defective or insufficient on ac-

count of a failure to have the same embraced as a part of such bill of exceptions, certificate of evidence or report of trial, but omissions from the bill of exceptions, certificate of evidence or report of trial shall be indicated by notations within brackets: *Provided,* that if it shall appear to the Supreme or Appellate Court that the record in any cause is incomplete or insufficient upon which to fairly consider and pass upon the errors or cross-errors assigned, such court shall order the clerk of the trial court to certify such additional parts of the record as it shall deem necessary, and such court shall make such order as to the costs resulting therefrom as it shall deem just. Such bill of exceptions may be prepared by any competent reporter."

We agree with appellee that the statute imposes a duty on parties intending to take an appeal or prosecute a writ of error to give the required notice, but we do not agree that the giving of such notice is an indispensable prerequisite to the right to have the record reviewed. The object of the legislature is clearly expressed in the statute above quoted. It was intended to give the appellee or defendant in error information as to the particular portions of the record that the appellant or plaintiff in error intended to bring up, in order that appellee or defendant in error might, if he saw proper, file an additional *præcipe* for any other portions of the record that he might deem necessary to a full presentation of the errors assigned by appellant or as a basis for any cross-errors that he might desire to assign. If appellant brings up the entire record the failure to give notice can work no injury to appellee, and this court has held that where the complete record is brought up, the failure to give the notice is a matter of no serious importance. Where the appellant or plaintiff in error fails to give the notice and files a *præcipe* for only certain parts of the record less than the whole, the statute should be complied with; but in such case appellee should show, by affidavit or otherwise, that the record as called for by the appellant's

*præcipe* is insufficient to properly present the errors assigned, or that some additional portion of the record is necessary to enable the appellee to assign cross-errors. Appellee in the case before the court has made no such showing. It is not claimed that the portions of the record not brought up are necessary to a proper disposition of all questions that are raised by the assignment of errors, nor is it shown that appellee desires any additional parts of the record as a basis for the assignment of cross-errors. In this situation, if the appeal were dismissed it would be simply as a penalty imposed for a failure to comply with the statute, and would result in requiring the appellant to re-trace his steps and bring the case up by writ of error after the notice was given. Such a construction would result in a delay and the imposition of additional costs without any corresponding benefit to the appellee. If it were shown that any other portions of the record in this case were necessary for any purpose, the court would make an order in accordance with the proviso of the statute above set out, requiring the clerk of the trial court to certify such additional parts of the record as were necessary, and would make such order in relation to the cost of procuring the same as was reasonable and just under the circumstances, or if appellee had brought up such additional record and asked leave to file it, together with the showing that it was necessary, it would be proper to allow such additional record, when properly certified, to be filed, and, if it were found that the filing of the same was necessary, to make such order in relation to the cost of procuring the same as was just and equitable under the circumstances.

The failure to give the notice is no ground for the dismissal of the appeal, and appellee's motion will be overruled.

*Motion overruled.*