THE PEOPLE *ex rel.* Frank J. McKnight, County Collector, Defendant in Error, *vs.* THE CHICAGO TITLE AND TRUST COMPANY, Trustee, Plaintiff in Error.

*Opinion filed December 16, 1914.*

1. APPEALS AND ERRORS—*section 96 of Local Improvement act does not control review of judgments for delinquent assessments.* Section 96 of the Local Improvement act controls the matter of appeals and writs of error to review judgments on application to confirm special assessments, but the review of judgments on application for judgment and order of sale for delinquent special assessments is controlled by the provisions of the general Revenue law, and such judgments may therefore be reviewed either by appeal or writ of error.

2. SAME—*failure to serve a copy of præcipe for record is not ground for dismissing writ of error.* Failure of the plaintiff in error to serve defendant in error with a copy of the *præcipe* for the record is not ground for dismissing the writ of error, particularly where it appears that a complete record has been filed.

3. TAXES—*what must be shown in a judgment for delinquent taxes.* To constitute a valid judgment for a delinquent tax both the amount of the tax and a description of the property must be made certain by the judgment, either by being set forth in the judgment or by reference to other papers and records in the case by which the same may be made certain.

4. SAME—*when a judgment for delinquent tax is not sufficient.* A judgment reciting that "this matter coming on further to be heard upon the objections of the Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased, and the court being fully advised in the premises, it is ordered by the court that the objections of the said objector be and the same are hereby overruled, and judgment and order of sale are hereby entered against the property of said objector," is not sufficient. (*People v. Chicago Title and Trust Co.* 261 Ill. 392, distinguished.)

5. SAME—*procuring supersedeas is not a condition to right to prosecute writ of error.* The procuring of a *supersedeas* is not a condition to the right of a party to pursue his remedy by writ of error to review a judgment.

WRIT OF ERROR to the County Court of DuPage county; the Hon. CHARLES D. CLARK, Judge, presiding.

GEORGE A. MASON, and WILLIAM J. DONLIN, for plaintiff in error.

AUBREY B. SNOW, (JOHN R. O'CONNOR, and ALBEN F. BATES, of counsel,) for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiff in error, the Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased, sued out this writ of error to review a judgment and order of sale of the county court of DuPage county entered against lot 3 in the village of Downer's Grove, in that county, for the sixth installment of a special assessment levied to pay for the paving of Maple avenue, in that village. Plaintiff in error entered a special appearance and filed objections to the application for judgment but failed to appear at the time set for hearing such objections, and the court overruled the same and entered the judgment and order of sale complained of. Plaintiff in error did not comply with the provisions of section 192 of the Revenue act and asks that the writ of error be made a *supersedeas,* and no *supersedeas* has been issued.

Defendant in error has made a motion in this court to dismiss the writ of error on the grounds (1) that the plaintiff in error has failed to comply with the provisions of section 96 of the Local Improvement act, which, it is claimed, governs appeals in this class of cases; and (2) that plaintiff in error failed to serve the defendant in error with a *præcipe* for a record, as provided by section 81 of the Practice act of 1907. The motion has been taken with the case.

Section 96 of the Local Improvement act has reference to appeals and writs of error from the judgment of the court confirming special assessments or other matters antedating the application for judgment and order of sale. After the special assessment has been confirmed by the

266 – 15

court, if no appeal or writ of error is sued out to review the judgment but the property owner refuses to pay his assessment, the matter of the application for judgment and order of sale for such delinquent special assessment is governed by the provisions of the Revenue law of this State. Section 67 of the Local Improvement act provides that in the matter of obtaining judgment and making sale the proceedings shall be governed by the general Revenue law of this State except as otherwise provided therein. (Hurd's Stat. 1913, p. 432; *People* v. *Smythe,* 232 Ill. 242.) Section 192 of the Revenue act makes provision for reviewing such judgment either by appeal or writ of error, and plaintiff in error had a right to select either of those methods that it saw fit. The motion to dismiss the writ of error cannot be sustained on that ground. Neither is the failure of the plaintiff in error to serve defendant in error with a *præcipe* for the record ground for the dismissal of this suit. (*People* v. *Union Gas Co.* 258 Ill. 193; *Weil* v. *Mulvaney,* 262 id. 195.) It appears that the complete record has been filed in the case at bar. For the reasons given, the motion to dismiss the writ of error must be denied.

The only errors assigned which we deem it necessary to consider are the fourth, fifth and sixth, which are as follows: "(4) The judgment is not entered in the manner and form required by statute; (5) the order of sale is not entered in the manner and form required by statute; and (6) the judgment and order of sale are, and each of them is, invalid and void."

The errors assigned are to the form and sufficiency of the judgment appealed from, which is as follows: "This matter coming on further to be heard upon the objections of the Chicago Title and Trust Company, trustee of the estate of Arthur C. Ducat, deceased, and the court being fully advised in the premises, it is ordered by the court that the objections of said objector be and the same are hereby overruled, and judgment and order of sale are hereby entered

against the property of said objector." In our opinion this purported judgment is wholly deficient, both in form and substance. It is not a judgment, but, on the contrary, a mere order for a judgment. It is not in the form prescribed by section 191 of the Revenue act, which is adapted to follow the delinquent list and the judgment tax sale, redemption and forfeiture record, and is wholly insufficient to constitute a valid judgment under that section. To constitute a valid judgment both the amount of the tax and a description of the property to be sold must be made certain by the judgment, either by being set forth in the judgment or by reference to other papers and records in the case by which the same can be made certain. We have repeatedly held that one of the essential requisites of such judgment is that it show the amount of the judgment, and that a judgment failing to show the amount of tax or special assessment is fatally defective. (*Gage* v. *People,* 205 Ill. 547; *Gage* v. *People,* 207 id. 61; *Gage* v. *People,* 213 id. 347.) The purported judgment in question does not fix the amount due or describe the property against which such judgment is entered, and makes no reference to the delinquent list or judgment tax sale, redemption and forfeiture record, or other papers or records in the case by which the same can be ascertained and made certain. It simply orders that a judgment or order of sale be entered, and in this respect is similar to the judgment in *Gage* v. *People,* 205 Ill. 547, which we reversed for defects in the judgment and in which case we said: "The judgment must be in favor of the People of the State of Illinois, against the tract or tracts or lots of land, or part thereof, for the sum annexed to each, or such part as the court finds to be due and payable, being the amount of taxes, special assessments, interest, penalties and costs due severally thereon. These judgments find nothing to be due and fix no amounts, by reference to the delinquent list or otherwise, but purport to be judgments 'of sale' against the property for the amount of the special

assessments, interest, penalties and costs due thereon.  A 'judgment of sale' for whatever is due is not a judgment against the property for a definite or specific amount.  The statute contemplates a judgment against the property and an order for the sale of the same to satisfy the judgment, and the entry of a 'judgment of sale' is rather an order for the enforcement of a judgment than a judgment itself.  The practice in such cases was settled in *Gage* v. *People,* 163 Ill. 39, and *McChesney* v. *People,* 171 id. 267, where the judgments were reversed, with directions to the county court to enter proper judgments."

The case of *People* v. *Chicago Title and Trust Co.* 261 Ill. 392, cited by defendant in error, is not in point here, for the reason that the errors urged for reversal of the judgment there were as to matters occurring prior to the judgment and order of sale, while here the only errors assigned and urged are to the purported judgment and order of sale itself.

Neither did the failure of the plaintiff in error to apply for and secure a *supersedeas* bar plaintiff in error of his right to have the purported judgment of the county court reviewed by writ of error.  The statute does not make the procuring of a *supersedeas* a condition to the right of the party aggrieved to pursue his remedy by writ of error to review the judgment of the lower court, and we have no authority to impose conditions which the statute granting the right does not impose.

For the reasons given, the judgment must be reversed and the cause remanded to the county court, with directions to enter a proper judgment.

*Reversed and remanded, with directions.*