(No. 10969.)

The People ex rel. Newton E. Matter, County Collector, · Appellee, vs. The Chicago Title and Trust Company, Appellant.

*Opinion filed December 21, 1916—Rehearing denied Feb. 8, 1917.*

Appeals and errors—*when action of county court in obeying mandate of Supreme Court cannot be reviewed.* The action of the county court in entering a judgment according to the mandate of the Supreme Court cannot be reviewed in the Supreme Court on the ground that the county court was powerless to enter the judgment because of a matter disclosed by the record on the former appeal and which should have been then raised for decision.

Appeal from the County Court of DuPage county; the Hon. S. L. Rathje, Judge, presiding.

George A. Mason, (Robert Zaleski, of counsel,) for appellant.

Charles W. Hadley, State's Attorney, and Aubrey B. Snow, (John R. O'Connor, and Alben F. Bates, of counsel,) for appellee.

Mr. Justice Cooke delivered the opinion of the court:

At the June term, 1913, of the DuPage county court a judgment and order of sale were entered against lot 3 in County Clerk's subdivision of part of A. C. Ducat's estate for the sixth installment of a special assessment levied for the paving of a street in the village of Downers Grove. The Chicago Title and Trust Company, trustee of the estate or Arthur Ducat, deceased, sued out a writ of error from this court to review that judgment and order of sale, and the judgment was reversed for the reason that it was insufficient and the cause was remanded to the county court, with directions to enter a proper judgment. (*People* v. *Chicago Title and Trust Co.* 266 Ill. 224.) The mandate of this court was duly filed in the office of the clerk of the

county court of DuPage county, and upon proper notice the cause was re-docketed. The Chicago Title and Trust Company, as trustee, thereupon filed additional objections to the entry of any judgment or order of sale against said real estate, for the reason that the property had been sold for said installment on June 26, 1913, the lien of the assessment upon the property was thereby discharged, and the county court was therefore without authority to enter judgment and order of sale against the property for that installment of said assessment. A hearing was had, at which the Chicago Title and Trust Company offered in evidence the tax redemption record of DuPage county for the year 1913, showing the sale of said lot 3 to Jacob Glos on June 26, 1913, for the full amount of the assessment, interest and costs. The objections were overruled, and upon motion of the county collector the court entered judgment and order of sale *nunc pro tunc* as of June 11, 1913, the date of the entry of the erroneous judgment. From the entry of this judgment this appeal has been perfected.

The contention of appellant is that the judgment should be reversed because the tax sale satisfied the lien of the assessment and no further judgment could be entered and because there was nothing in the record to warrant the entry of a *nunc pro tunc* judgment. On the former review by writ of error we found that the purported judgment entered at the June term, 1913, was insufficient and amounted merely to an order for a judgment. The cause was remanded, with directions to the county court to enter a proper judgment. The county court had no alternative except to follow the mandate of this court and enter judgment as of the date of the entry of the purported judgment of June 11, 1913. It is not contended here that this judgment was not entered in proper form. The only contention made is that by reason of the tax sale on June 26, 1913, the county court was powerless to obey the mandate of this court and enter any judgment at all. This position is not tenable. All

questions relative to the propriety of the entry of a proper judgment were determined in the case of *People* v. *Chicago Title and Trust Co. supra,* and appellant could not object to the action of the county court in obeying the mandate of this court. Counsel for appellant concede that the record in *People* v. *Chicago Title and Trust Co. supra,* disclosed the tax sale to Glos, and if they desired to rely upon that fact as a bar to the entry of a proper judgment the question should have been presented in that case.

The judgment of the county court is affirmed.

*Judgment affirmed.*