No. 9295.

GRAYBILL *v.* CORLETT.

SUPREME COURT—*Judgment—Effect.* Upon error to a decree given in an action to quiet title this court found and declared that the plaintiff had an interest in the premises in question, and was entitled to the relief prayed. The District Court, upon remand, proceeded to retry the case upon the same issue. *Held* error.

*Error to Rio Grande District Court, Hon. W. N. Searcy, Judge.*

*Department One.*

Mr. JOHN T. JACOBS, for plaintiff in error.

Mr. JAMES D. PILCHER, Mr. GEORGE M. CORLETT, Mr. CHARLES M. CORLETT, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFF in error brought suit against defendant in error to quiet title to an easement for an irrigation ditch, and the defendant had judgment.

This court reversed the judgment and remanded the cause to the District Court "for further proceedings in harmony with the views expressed in the opinion of the court."

The District Court, after allowing an amendment to the answer, proceeded to try the cause *de novo*, and again rendered judgment for the defendant.

Error is alleged in this action of the court.

A statement of the case will be found in the opinion in the case above mentioned: 60 Colo. 551, 154 Pac. 730.

We there held that there was no conflict of evidence on points material to the case, and that under the circumstances shown the plaintiff had an irrevocable license to the easement claimed; and, further, that "he had an interest in the ditch which the defendant plowed up and destroyed, and was entitled to have his title therein quieted."

Under this finding of law we might have directed that judgment be entered for the plaintiff, it being clear that the court had erred in applying the law to the undisputed facts. *Fort Scott v. Hickman,* 112 U. S. 150, 28 L. Ed. 636, 5 Sup. Ct. 56.

Counsel for defendant in error quote from decisions to the effect that a reversal of a judgment leaves the cause as it was before trial, and subject to retrial. Such a statement, however, is limited to a class of cases, and is not of universal application. The distinction is that "when error

is found as to proceedings anterior to and including the verdict, the Supreme Court can only declare error, and order a new trial. When the error is solely in the judgment rendered upon an admitted, or ascertained state of facts, then, and in such case only, can the judgment be reversed, using the word in its strict sense." *Bernhardt v. Brown,* 118 N. C. 700, 24 S. E. 577, 715, 36 L. R. A. 402. See also, 3 Cyc. p. 451; *Gage v. People,* 163 Ill. 39, 44 N. E. 819, and *Allen v. St. Louis Bank,* 120 U. S. 20, 30 L. Ed. 573, 7 Sup. Ct. 460.

The only action which the trial court could take which would be in harmony with the views expressed in the opinion was to enter judgment for the plaintiff.

"It is settled law that whatever has been decided on appeal or writ of error can not be re-examined on a second appeal or writ of error brought in the same suit. The first decision has become the settled law of the case." *Thompson v. Maxwell Land Grant Company,* 168 U. S. 451, 42 L. Ed. 539, 18 Sup. Ct. 121.

This court having held that "plaintiff had an interest in the ditch which defendant plowed up and destroyed, and was entitled to have his title therein quieted," it was error for the District Court to try the cause again on the same issues.

The judgment is reversed, with directions to the trial court to enter judgment for the plaintiff.

Chief Justice Garrigues and Mr. Justice Burke concur.