## Estate of F. C. Mundy, Appellee, v. Evaline Mundy, Appellant.

1. APPEAL AND ERROR—*when five days' notice of filing præcipe for record not essential prerequisite to right to review record.* On appeal to the Appellate Court from a judgment of the circuit court dismissing an appeal from the county court in a proceeding for the discovery of assets of the estate of a decedent under the Administration Act, sec. 81, Cahill's Ill. St. ch. 3, ¶ 82, the transcript of the record will not be stricken from the files for failure of appellant to give the five days' notice of the time and place of filing a præcipe for a record as required by Practice Act, sec. 81, Cahill's Ill. St. ch. 110, ¶ 81, since the giving of such notice is not an indispensable prerequisite to the right to have the record reviewed.

2. APPEAL AND ERROR—*noncompliance with rule of court in preparing transcript not grounds for striking.* On appeal from an order of the circuit court dismissing an appeal from the county court in a proceeding under Administration Act, sec. 81, Cahill's Ill. St. ch. 3, ¶ 82, for the discovery of assets of the estate of a decedent, the Appellate Court will not strike the transcript from the files for failure to have the record arranged in chronological order and to have the clerk's fees taxed thereon in compliance with such court's rules.

3. APPEAL AND ERROR—*when want of bill of exceptions not ground for striking transcript from files.* A transcript of the record will not be stricken from the files by the Appellate Court on appeal to that court from an order of the circuit court dismissing an appeal from the county court in a proceeding for the discovery of assets of the estate of a decedent, for want of a bill of exceptions in the record.

4. APPEAL AND ERROR—*deficient record cured by amendment by leave of Appellate Court.* The Appellate Court will not strike a transcript of the record from the files for failure thereof to show the judgment or order appealed from, where the deficiency has been supplied by leave of that court, the appeal being from an order of the circuit court dismissing an appeal from the county court in a proceeding under Administration Act, sec. 81, Cahill's Ill. St. ch. 3, ¶ 82, for the discovery of assets of the estate of a decedent.

5. APPEAL AND ERROR—*supplemental transcript as proper remedy to supply deficiencies in original transcript.* On appeal to the Appellate Court from an order of the circuit court dismissing an appeal from the county court in a proceeding for the discovery of assets of the estate of a decedent, it is the duty of the appellee to

supply any essential portions of the record which it deems to have been omitted therefrom, and the transcript will not be stricken from the files on the ground that it does not contain the whole record.

6. PROBATE COURTS—*when signature of all respondents not necessary to appeal bond under Administration Act.* An appeal from a judgment of the county court to the circuit court in a proceeding under Administration Act, sec. 81, Cahill's Ill. St. ch. 3, ¶ 82, holding that a certain note and mortgage were the property of a decedent and directing the holder thereof to turn them over to the executor, is governed by the provisions of Administration Act, sec. 124, Cahill's Ill. St. ch. 3, ¶ 126, relating to appeals, and may be taken by any one of several respondents aggrieved thereby, and the appeal bond need not be signed by all the respondents on appeal by one of the aggrieved parties.

7. PROBATE COURTS—*when approval of appeal bond by clerk not grounds for dismissing appeal from county to circuit court.* It was error for the circuit court to dismiss an appeal from the county court in a proceeding under Administration Act, sec. 81, Cahill's Ill. St. ch. 3, ¶ 82, for the discovery of assets of a decedent, on the ground that the appeal bond was approved by the clerk and not by the county court; and the appellant should have been given a reasonable time, pending the appeal, to remedy the defect.

8. PROBATE COURTS—*transcript from county court as jurisdictional prerequisite to review by circuit court.* The circuit court has no jurisdiction to try or dismiss an appeal from the county court in a proceeding for the discovery of assets of the estate of a decedent under Administration Act, sec. 81, Cahill's Ill. St. ch. 3, ¶ 82, where there is no transcript from the county court.

Appeal by defendant from the Circuit Court of Wabash county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1923. Reversed and remanded. Opinion filed July 2, 1923.

H. M. PHIPPS, for appellant.

P. J. KOLB and M. J. WHITE, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

This is a proceeding under section 81 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 82] and was instituted in the county court of Wabash county. That

court found that a certain note and mortgage in the hands of appellant belonged to the decedent at the time of his death and that the same should be turned over to the executor. A motion by appellee to strike the transcript of the record from the files was taken with the case. The first ground of said motion is that appellant failed to give five days' notice of the time when and the place where she would file her præcipe for a record, together with a copy of such præcipe, as is required by section 81 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 81]. The giving of the notice is not an indispensable prerequisite to the right to have the record reviewed and the point is not well taken for the reasons stated in *People v. Union Gas & Electric Co.,* 258 Ill. 193.

The second ground of the motion is that the several parts of the record are not arranged in chronological order as required by rule 10 of this court, nor are the clerk's fees taxed thereon as required by said rule. That rule simply deprives appellant of the right to have the clerk's fees taxed as costs in case he fails to have the record prepared in the manner specified. The third ground of the motion is that the record contains no bill of exceptions. A bill of exceptions may or may not be necessary. *City of Chicago v. Mecartney,* 216 Ill. 377. The fourth ground is that the record does not show the order or judgment appealed from, but by leave of this court appellant has supplied the deficiency. The fifth ground is that the transcript does not contain the whole record. If appellee thought that something essential had been omitted, it was his duty to supply it. *People v. Union Gas & Electric Co., supra.* The motion to strike the transcript of the record from the files is overruled.

The affidavit required by the statute as a basis for the proceedings is not in the transcript. George Mundy and William Mundy were parties, but there seems to be some controversy as to whether appellant

was a respondent. At any rate, it appears that the ownership of a certain note and mortgage payable to the deceased and which had been assigned by him to appellant was called in question. The county court held that they were the property of the deceased and ordered them delivered to the executor but pending an appeal they should remain with the clerk of the court. The record shows that respondents excepted to the judgment and prayed an appeal to the circuit court, which was allowed on filing bond in the sum of $300 with security to be approved by the clerk of the county court.

Appellant presented her appeal bond in the sum of $300, signed by herself and sureties, and the same was approved by the clerk of the county court. In the circuit court appellee moved to dismiss the appeal because the bond was not signed by all of the respondents and because it was not approved by the county court. Appellant filed a cross motion for leave to file a sufficient bond and the same was overruled. The court sustained the original motion and dismissed the appeal at appellant's costs.

In a case of this kind the right to appeal is governed by section 124 of the Administration Act [Cahill's Ill. St. ch. 3, ¶ 126]. Any person who may feel himself aggrieved by the judgment of the county court may appeal whether he is a party to the record or not. *Collins v. Kinnare,* 89 Ill. App. 236; *Weer v. Gand,* 88 Ill. 490. The appeal may be perfected in the same manner as appeals from justices of the peace. *Beardsley v. Hill,* 61 Ill. 354. It is not necessary that an appeal should be prayed in the county court or that the court should enter an order allowing the appeal. *Fix v. Quinn,* 75 Ill. 232; *Haaren v. Miller,* 139 Ill. App. 405. It necessarily follows that appellant had a right to appeal without the other respondents signing the appeal bond.

In such a case the appeal bond should be approved

by the county court and the court could not delegate such authority to the clerk but the circuit court should not dismiss the appeal without giving appellant an opportunity to remedy the defect. *Hepner v. Hepner,* 112 Ill. App. 598; *Mertz v. Mehlhop,* 117 Ill. App. 77. The statute provides that no appeal from a justice of the peace shall be dismissed for any informality in the appeal bond. But it shall be the duty of the court before whom the appeal may be pending to allow the party to amend the same within a reasonable time, so that a trial may be had on the merits of the case. *Weist v. People,* 39 Ill. 507; *Enright v. Rehbach,* 133 Ill. App. 50. Almost any attempt, made in good faith, to execute an appeal bond requires the court to allow such amendments as will obviate the imperfection. *Hinman v. Kitterman,* 40 Ill. 253.

It is contended by appellee that the propriety of the judgment of the circuit court cannot be questioned because there is no bill of exceptions. In *Randolph v. Emerick,* 13 Ill. 345, there was a motion to dismiss the suit for want of a cost bond, on the ground that plaintiff was a nonresident at the time suit was begun. The motion was allowed and the suit dismissed. On appeal it was contended that the order of dismissal was not open to review because there was no bill of exceptions. The court said: "It affirmatively appears, from an entry on the record, that the court sustained a motion to dismiss, which the defendant had no right to interpose. The office of a bill of exceptions is to introduce matter into the record which does not already appear there. Here the character of the motion and the circumstances under which it was made clearly appear on the face of the record; and a bill of exceptions would not have brought any new matter into the record. If the record failed to show the nature of the motion, a bill of exceptions might be necessary to present the question, for otherwise this court would not be advised of the ground upon which the suit was dismissed."

That rule has been recognized in the following cases: *Blair v. Ray,* 103 Ill. 615; *Offield v. Siler,* 15 Ill. App. 308; *City of Rockford v. Compton,* 115 Ill. App. 406; *Esmond v. Esmond,* 142 Ill. App. 233.

If we are right in our conclusions, the circuit court erred in dismissing the appeal without allowing appellant to cure the imperfection in her appeal bond. But there is another reason why the judgment should be reversed and that is that there is no transcript from the county court shown in the record. Without such a transcript the circuit court had no jurisdiction of the subject-matter and no power to try or dismiss the appeal. *Reed v. Driscoll,* 84 Ill. 96; *Vallens v. Hopkins,* 157 Ill. 267; *Mayer v. Schneider,* 106 Ill. App. 276; *Bromberg v. People,* 136 Ill. App. 602.

If the appeal bond is signed by proper sureties it may be approved by the circuit court. *Hepner v. Hepner,* 112 Ill. App. 598. For the reasons aforesaid the judgment is reversed and the cause remanded.

*Reversed and remanded.*