## Fifty-ninth Street Lumber Company, Appellant, v. John T. Emery et al., Appellees.

## Gen. No. 29,646.

1. EVIDENCE—*judicial notice of street locations.* Where a mechanic's lien notice described the premises as "S. 54th Place, Chicago," and in the amended bill they were described as "54th Place, Oak Lawn," judicial notice was not taken that "S. 54th Place" is the same street as "54th Place" nor that Oak Lawn is in Chicago, even if such were the facts.

2. MECHANICS' LIENS—*insufficiency of description in notice.* Where alternative descriptions of the property in a notice for mechanic's lien makes it impossible to identify therefrom the lots or parcels of land upon which the lien is claimed, the notice is insufficient.

3. MECHANICS' LIENS—*alternative descriptions in lien notice corrected by street number.* Where a mechanic's lien notice described the land in the alternative, the giving of a street and number therein did not operate to correct the vice, where the alternative remained and the amended bill gave a different street and number.

4. MECHANICS' LIENS—*when lien not enforceable against incumbrancer and trustee.* Where the notice for a mechanic's lien was insufficient and the amendment to the bill, attempting to correct the mistake, was filed more than four months after the alleged date of the last delivery of materials under the contract, the lien could not be enforced as against or to the prejudice of an incumbrancer or the trustee; and a bill joining the owner, her husband, the trustee named in the trust deed of the premises and the owner of the secured notes was demurrable as to the latter two.

5. MECHANICS' LIENS—*when bill improperly dismissed against owner for defective notice.* An amended bill for a mechanic's lien, joining as defendants the trustee, the incumbrancer and the owner, was improperly dismissed as to the owner upon the sustaining of a demurrer filed only by the trustee and incumbrancer on the ground of the insufficiency of the notice, and the filing of an amended bill more than four months after the last delivery of materials under the contract, since as to the owner he could amend within two years.

6. APPEAL AND ERROR—*when judgment reversed and remanded with directions.* An order improperly dismissing a bill for a mechanic's lien as to all defendants, upon the sustaining of a demurrer by several defendants, was reversed with directions to enter an order dismissing the bill only as to the defendants who had successfully demurred.

Fifty-ninth St. Lumber Co. v. Emery, 237 Ill. App. 416.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed and remanded with directions. Opinion filed June 9, 1925.

WYATT B. ANGELO, for appellant.

PHILIP GOTHBERG and O. D. OLSON, for appellees.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

This is an appeal from an order dismissing complainant's amended bill for a mechanic's lien.  There were four defendants, viz., the owner, her husband, the trustee named in the trust deed of the premises and the holder of the notes secured thereby.  The two last-mentioned defendants filed a general and special demurrer to the bill as amended, alleging particularly that the description of the premises in question, both in the bill and in the notice of lien, was indefinite and uncertain.  The court sustained the demurrer.  The complainant elected to stand by his amended bill and thereupon the court ordered the bill dismissed with costs.

The mechanic's lien notice, a copy of which is attached as an exhibit to the bill of complaint, describes the premises as follows:

"Lots Seven (7) and Eight (8) Block Twenty-three (23) or Lots Nineteen (19) Twenty (20) and Twenty-one (21) Block Twenty-four (24) Crandall's Oak Lawn Subdivision, a Subdivision of West one-half (W. ½) Southwest one-quarter (S. W. ¼) or part East one-half (E. ½) Southwest one-quarter (S. W. ¼) of Section Four (4) Township Thirty-seven (37) North, Range Thirteen (13) otherwise known as 9414 S. 54th Place, Chicago, Illinois."

In the bill as originally filed, the premises were described in the same manner except the last clause, which read: "otherwise known as 9414 54th Place, Oak Lawn, Illinois."  The amendment to the bill, filed

by leave of court, merely struck out the words: "or lots nineteen (19), twenty (20) and twenty-one (21), Block twenty-four (24)," and the word "or" where it appears in the latter part of the description. In other words, the description of the premises upon which the lien was sought, both in the mechanic's lien notice and in the original bill, was in the alternative; and while the amendment changed the bill by striking out one of the alternative descriptions, it did not allege that the lien notice had been so changed, or that a new notice had been given.

Complainant's counsel insist that the description of the premises by street and number corrects any mistake in the previous description. But the street named in the notice is "S. 54th Place, Chicago," while the street named in the bill, as amended, is "54th Place, Oak Lawn." We cannot take judicial notice that "S. 54th Place" is the same street as "54th Place," nor that "Oak Lawn" is in Chicago, if such are the facts; and, if we could assume that such are the facts, still the alternative descriptions remain in the notice, making it impossible to identify therefrom the lots or parcels of land upon which the lien was claimed.

The notice as filed being insufficient, and the amendment to the bill having been filed more than four months after the alleged date of the last delivery of materials under the contract, the lien could not be enforced as against or to the prejudice of the incumbrancer or trustee (*North Side Sash & Door Co. v. Hecht*, 295 Ill. 515), and the demurrer was therefore properly sustained.

But the demurrer was filed only by the trustee and the holder of the incumbrance. As to them, the bill was clearly demurrable; but the statute (Mechanics' Liens Act, sec. 7 [Cahill's St. ch. 82, ¶ 7]) provides that as against the owner a claim for mechanic's lien may be filed "at any time after the contract is made and within two years after the completion" thereof,

"and as to such owner may be amended at any time before the final decree." Under section 9 of the same Act [Cahill's St. ch. 82, ¶ 9], a suit to enforce a lien against the owner may be commenced at any time within such two years. The order dismissing the bill is not limited to the defendants who demurred. It appears that the owner and her husband were personally served with process and defaulted, and it was error to dismiss the bill as to them.

Following the practice approved in cases where a part only of the order or judgment appealed from was erroneous and no error had intervened prior to the entry of the judgment (*Gage v. People,* 163 Ill. 39, 41; *Harris v. People,* 130 Ill. 457, 464; *Wallace v. People,* 159 Ill. 446; *McNulta v. Ensch,* 134 Ill. 46) the order of dismissal will be reversed and the cause remanded with directions to enter an order dismissing the bill only as to the defendants who demurred.

*Reversed and remanded with directions.*

BARNES and GRIDLEY, JJ., concur.