## No. 11,350.

### GRAYBILL v. CORNELIUS.

Decided May 24, 1926. Rehearing denied June 15, 1926.

Controversy over the location of an irrigating ditch and easement therefor. Judgment for plaintiff.

*Affirmed.*

1. JUDGMENT—*Parties.* A judgment is ineffectual as to one not a party to the action.

2. *Decree of Court.* A decree will be considered as the decree of the court, irrespective of the fact that it may have been drawn by plaintiff's counsel and not submitted to defendant before the court signed it.

3. APPEAL AND ERROR—*Fact Findings.* Findings of fact by the trial court which are sustained by legal and competent evidence will not be disturbed on review.

4. TRIAL—*Reopening Case.* A court has power after making a tentative finding of fact, to reopen a case and take additional testimony.

5. *Judgment—Findings.* A court has power within the term to set aside or change findings theretofore made, make new findings, and enter a decree accordingly.

*Error to the District Court of Rio Grande County, Hon. J. C. Wiley, Judge.*

Mr. H. M. HOWARD, Mr. JOHN H. VOORHEES, for plaintiff in error.

Mr. JESSE STEPHENSON, Mr. JAMES P. VEERKAMP, Mr. GEORGE M. CORLETT, Mr. CLAUDE W. CORLETT, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a controversy between the plaintiff Cornelius and the defendant Graybill as to the ownership and location of the Graybill lateral ditch and easement therefor over the lands of the plaintiff Cornelius. In 1906 defendant Graybill owned the N. W. ¼ of Sec. 12 in Twp. 38, Rio Grande County; Dr. Carey owned the N. E. and S. W. quarters of the adjoining section 11, and Mr. Corlett the S. E. ¼ of section 11. There was litigation between the defendant Graybill and Corlett over the Graybill lateral ditch, referred to by the witnesses as the Farrar, the Kramer or the Graybill lateral, which reached this court in *Graybill v. Corlett*, 60 Colo. 551, 154 Pac. 730, and under the same title, in 66 Colo. 25, 178 Pac. 653. That litigation resulted in a decree directed by this court establishing, as between the parties litigant Graybill and Corlett, the ownership in Graybill of the ditch in question and an easement therefor over the lands of Corlett. Cornelius, the plaintiff here, afterwards acquired the Carey lands and all ditches and water rights appurtenant thereto. The lateral through which the Carey lands was irrigated is called the Carey ditch. The defendant Graybill claimed this Carey ditch to be the ditch which this court decided, as between him and

Corlett, he had an easement for over Corlett's lands. Cornelius claimed the ditch in question as the Carey ditch which he and his predecessors in interest had used for more than 20 years exclusively and continuously in the irrigation of the Carey lands. After the parties had introduced their evidence and rested their case, the trial court indicated that under the testimony as it then was, and because of the effect of the decree in the Graybill-Corlett litigation, as he then interpreted it, that in the circumstances, the findings as to the location of the ditch would have to be made in favor of the defendant, but, as to the matter of damages, that would be reserved until the matter could be taken up more at length by the court, and said: "I think that is all we can do at this time." No specific or written findings of fact were made and no decree of any kind was then entered. The plaintiff was given ten days to file a motion for a new trial which he did not file. Later, and during the same term of court the plaintiff made an application for reopening the case and for production of testimony that had been discovered after the hearing was closed. The court reopened the case upon the showing made, took additional evidence, including a certified copy of a sworn petition in a condemnation suit which the plaintiff Graybill had once filed in the district court to acquire a right of way for his ditch over the lands of Corlett, which was materially different as to location from his testimony in that case and in conflict with his claim in the present action. The court also appointed Mr. Riley, a surveyor, who had testified as a witness for defendant, to make a survey, which he made, and reported the result thereof to the court, and after taking the same and all the evidence into consideration, the court, at a later day during the term, made findings of fact and rendered thereon a decree in favor of the plaintiff Cornelius, the conclusion being that the defendant did not have a right of way across plaintiff's land as he claimed for his ditch. Defendant Graybill is here with his writ of error.

We are of the opinion that the decision of this court in the Graybill-Corlett litigation has no bearing whatever upon the pending controversy. This court there did not purport to direct the trial court to enter a decree in favor of Graybill, and the trial court in entering the directed decree did not purport to make a decree for Graybill, giving him a right of way over the Carey lands. If such an attempt had been made it would be ineffectual because Dr. Carey, who was then the owner of the land, was not a party to that action. The only effect, if not the purpose, of the argument of the defendant's counsel here in invoking this litigation is to introduce confusion into what is merely a determination as between the parties, of the line or course of the Graybill ditch upon the ground. Plaintiff in error is in error in reiterating in his brief that this is the third time this case has been before the courts for decision. This is the first time, so far as the record shows, that the question of a right of way for the Graybill ditch over the Carey lands has been before the courts for decision.

The defendant says the decree in this case, prepared by plaintiff's counsel, was not presented to his counsel before it was signed by the trial court. The record is silent on that subject. We do not question the statement of counsel that it was not submitted to them for inspection. We must consider it, however, as the decree of the court, irrespective of the fact that it may have been drawn by plaintiff's counsel and not submitted to the defendant before the court signed it. The decree recites that, by agreement of counsel, Mr. Riley was selected as the surveyor to determine the course or line of the ditch on the ground. His report and survey accepted by the court, show that the Kramer or Farrar, which is the same as the Graybill, ditch was never constructed on the Carey lands. This Graybill ditch had not been used for a number of years, and at the time of the hearing, and when defendant's witnesses were on the land

to refresh their recollection, the ditch had been wholly obliterated. After the testimony was in, the trial judge, with a view to an application of the conflicting testimony, visited the land and found from the evidence produced that the Graybill ditch, the right of way for which its owner claims over the Carey or Cornelius lands, never was built thereon. It may be that the larger number of witnesses testified to the contrary, yet there is evidence in behalf of the plaintiff in support of the actual survey as made by the witness Riley. The real and controlling question before the court was whether the ditch and headgate claimed by Cornelius, and also claimed by Graybill, were the old Farrar, Warren or Graybill, or the Carey, ditch and headgate which Cornelius claimed, and which he asserts he purchased from Carey. The court found as a fact that the so-called Graybill ditch was located 250 feet southeast of the so-called Carey ditch and none of it on the Carey lands. We cannot disturb the findings of fact of the trial court. To say the least there is enough legal and competent evidence to sustain them. The court was in better position than this court is to pass upon the intelligence and credibility of the witnesses, and their opportunity to know the location of this ditch on the ground, and was thus better prepared to apply the evidence to the actual physical conditions than this court is. There is nothing in the record to take this case out of the general rule that the findings of the court, in such circumstances as this record discloses, should be accepted by this court on review.

The further contention of plaintiff in error that the court did not have the power, after making a tentative finding of fact, to reopen the case even though it was at the same term, and take additional evidence, is not well taken. The foregoing recitals as to what the judge said clearly show that he did not intend, when the parties rested, to make his findings of fact final, much less to enter a judgment or decree thereon. That the court did

not intend to decide the case piecemeal is apparent from the fact that it proposed to take further time to consider the question of damages in case the final decree should be for the defendant. Even though the court had made findings of fact, it had the power within the term to set aside or change them and to make, as it did, new findings and enter a decree accordingly. As the result of the rehearing the trial judge, as appears from his statement, concluded that his first impression that the decree in the Graybill-Corlett case was conclusive against Cornelius, and binding in this litigation, was wrong, for he stated in his findings, or rather in his oral remarks leading up thereto, that though it had at first appeared to him that he was bound by the former decree, yet from his further statement of his conclusion after the case was reopened, that there was nothing in the former decree about the course of the ditch or the location of the headgate, and that the plaintiff Cornelius was not a party to that litigation, it is clear that he finally reached the proper conclusion upon the entire evidence that the decree in the Graybill-Corlett case was not binding upon Cornelius, as he was neither a party nor a privy to any party to that litigation, and that defendant had no right of way over Cornelius' lands for his lateral ditch.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.