WILLIAM F. BARROWS, plaintiff in error, *vs.* THE PEOPLE.

*Error to Madison.*

If an applicant for a change of venue swears that information of the facts which were made the basis of the application, came to his knowledge on the day the petition was prepared, and the notice was given that the motion would be made, it is equivalent to stating that he had then received the information for the first time.

Perjury might be assigned on such an oath, and the guilt of the accused established, by proving that he had a knowledge of the facts, prior to the day on which the petition was verified.

It is error to deny a change of venue, where the prisoner has shown a clear right to it, and in such a case, all subsequent proceedings of trial and conviction will be set aside, and the cause remanded, and the prisoner placed in *statu quo.*

An indictment for larceny was found against Barrows at the March term, 1849, of the Madison Circuit Court. Barrows pleaded not guilty, and entered his motion for a change of venue; having given the prosecuting attorney written notice of his intention to make such motion. Notice of the application was given the day prior to the making of the motion, and the day on which the petition was verified.

The motion for a change of venue was grounded upon the following petition and affidavit:

"People    ⎫
   *vs.*      ⎬ *Larceny.*
William F. Barrows, ⎭

" Of the August term of the Madison Circuit Court, A. D. 1849.

" William F. Barrows would respectfully represent and shew unto your honor, that he verily believes he will not receive a fair and impartial trial in the above entitled cause, on account that the minds of the inhabitants of the county of Madison, Illinois, are prejudiced against him. He further states, that information of the facts came to his knowledge to-day. Wherefore he prays that said trial may be removed to the next county, where the causes above complained of do not exist.

" WILLIAM F. BARROWS.

" State of Illinois, ⎫
   Madison county. ⎬

" William F. Barrows, being duly sworn according to law, deposes and says, that the facts set forth in the above petition are true, in substance and in fact, according to the best of his knowledge and belief. "WILLIAM F. BARROWS.

16

" Subscribed and sworn to before me, this 22d day of August, A. D. 1849.　　　　　　　　　　"Wм. T. Brown, *Cl'k.*"

The Court overruled said motion for a change of venue, for the reason that the notice had not been given in time, and because the affiant did not state when the knowledge of the prejudice of the inhabitants of Madison county *first* came to his knowledge. To this decision defendant excepted, and a bill of exceptions was filed. And on the 24th August a trial was had, before Underwood, Judge, and a jury, and a verdict of guilty was found. Motion for a new trial was entered and overruled. Barrows sues out this writ, and assigns for error the refusal to allow the change of venue.

J. Gillespie and W. T. Martin, for plaintiff in error :

The act requiring changes of venue is imperative, and when a party brings himself within its terms, the motion must be granted. Freleigh *vs.* State, 8th Missouri, 611. The statute of Missouri provides, that reasonable notice of an application for a change of venue must be given to the prosecuting attorney. An application made on the day of trial is in time, if defendant could not have given it sooner. Reed *vs.* State, 11 Missouri, 379–82–3. Courts have no discretion as to awarding changes of venue in criminal cases, where the applicant can bring himself within the statute. 1 Scam., 120, Clark *vs.* People. Plea should be filed before change of venue is granted. Gardner *vs.* People, 3 Scam., 83. In 2d Kent's Com., pa. 12, note *a*, it is laid down, that a party will not be tried a second time, where there was a good indictment and a competent jury. In 1 Scam., 120, there were two objections taken to the judgment: First, that the Court below refused a change of venue ; second, that the indictment was substantially defective, and the Court discharged the prisoner. This must have been for the reason that the Court below refused to change the venue, for the fact that the indictment was defective would have been a reason for a new trial, according to the authority in Kent, and so it must follow that after the Court has tried a case, where the venue should have been changed, the prisoner must be discharged.

D. B. Campbell, prosecuting attorney for 8th Circuit :

This error is not to be distinguished from other errors. The prisoner is not entitled to a discharge. He must stand committed for another trial.

Opinion by TREAT, C. J.:

The Court should have granted the motion for a change of venue. The prisoner swore that information of the facts, which were made the basis of the application, came to his knowledge on the day the petition was prepared, and the notice was given to the state's attorney that the motion would be made. It is equivalent to a statement that he then received the information for the first time. It negates every inference that the information had been previously acquired. If he had before obtained knowledge of the existence of the facts, the information did not come to his knowledge on that day. We do not entertain a doubt but that perjury might be assigned on the petition, and the guilt of the prisoner established, by proving that he had knowledge of the facts prior to the day on which the petition was verified.

The prisoner having shown a clear right to a change of venue, which the Court denied him, the subsequent proceedings in the case were erroneous, and must be reversed. On the authority of the case of Baxter *vs.* The People, 2 Gilman, 578, the cause will be remanded to the Madison Circuit Court, where the prisoner must appear and answer to the indictment; and where he may insist on or withdraw the application for a change of venue, as he shall deem proper. *Judgment reversed.*