THE KNICKERBOCKER INSURANCE COMPANY

*v.*

SAMUEL A. TOLMAN *et al.*

1. CHANGE OF VENUE—*court has no discretion in regard to, in civil cases.* If a party, seeking a change of venue, complies with the requirements of the statute in relation thereto, the court has no discretion in the matter, but must award the change.

2. And the fact that the party seeking the change may have no merits, does not change the rule. The right to a change, upon complying with the statute, is secured to him by an express provision of the statute, and the courts have no power to repeal, modify or mitigate any requirement of the statute.

3. PLEADING—*declaration on policy of fire insurance.* A declaration which does not aver the value of property destroyed, but which avers that the plaintiff was interested in the property to the value of $5000, although it might be bad on special demurrer, is good on general demurrer, or in arrest of judgment.

4. SAME—*when condition or exception in a contract must be negatived in the declaration.* Where a right is conferred by a clause absolute and unconditional in its terms, but the right is limited in a subsequent clause by a condition or exception, the pleader is not required to negative the condition or exception, but it is for the defense to plead it.

5. But when the condition or exception is contained in or referred to by the clause giving the right, then the plaintiff must set out and negative the condition or exception.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. ALLAN C. STORY, and Mr. RUFUS KING, for the appellant.

Mr. JOHN VAN ARMAN, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellees obtained a policy of insurance from appellant, to the amount of $25,000, on a large "stock of drugs, liquors, paints, oils, dye stuffs and such other articles as are usually kept by wholesale druggists, contained in a certain brick building known as No. 35 South Water street, Chicago." The loss occurred by fire during the life of the policy. Appellant refusing to make payment on the loss, appellees brought an action of assumpsit on the policy. The plea of the general issue was filed, with special pleas, and a trial was had, resulting in a verdict and judgment against the defendant, and it appeals.

It is first urged that the court below erred in refusing a change of venue, on the application of appellant. The petition was based on the ground of the prejudice of the inhabitants of Cook county. On turning to the petition and notice, we find that they are strictly in conformity to the requirements of the statute, and, inasmuch as the granting of a change of venue in civil cases is not discretionary, the court below erred in not allowing the motion. This is the requirement of the statute, and such has been the uniform construction given to it. *Barrows* v. *The People*, 11 Ill. 121; *Commercial Ins. Co.* v. *Mehlman*, 48 Ill. 316, and other cases in our reports.

It is insisted that the defense has no merit, but is purely technical. This may all be true, but still it is a right that is secured to the party by an express provision of the statute, and must be obeyed. All know that the courts have no power to repeal, modify or even mitigate any requirement of the statute. If a reversal in this case works a hardship, appellees should have permitted the change of venue to be made with-

out opposition. They saw the petition and notice, and must have known that they were strictly in conformity to the statute, and entitled appellant to a change of venue. Hence they have contributed to produce the hardship of which they now complain. Counsel must have known that it was error to refuse the motion, and hence should have yielded to the change of venue, but, failing to do so, he can not urge us to relieve him against the error he has procured in the record. If the statute is harsh, or if it works hardship, the remedy is in the hands of the General Assembly, and not in either of the other departments of the government.

It is urged that the declaration does not aver the value of the property destroyed. It avers that appellees were interested in the property to the value of $5000. This averment is made under a *videlicit,* and is certainly good on general demurrer, or in arrest of judgment, although it might have been bad on special demurrer. But we presume appellant does not seriously rely on so trifling an objection.

It is urged that the declaration did not aver to what extent the property destroyed was insured in other companies. Appellant having filed the general issue, we are at a loss to understand how it can suppose this objection can arise on this record. We presume appellant must know that the objection, if it had any force, must be urged on demurrer, and that, too, before the declaration is traversed. This is so elementary that, we presume, all members of the profession know and understand it.

But if it could be raised, we do not understand it as having any force. The general rule is, that, where a right is conferred by a clause, absolute and unconditional in its terms, but the right is limited in a subsequent clause by a condition or exception, the pleader is not required to negative the condition or exception, but it is for the defense to plead it. But when the condition or exception is contained in or referred to by the clause giving the right, then the plaintiff must set out and negative the condition or exception. See 1 Chit. Pl. 256,

and previous decisions of this court.   Now, there was no con-
dition or exception contained in the body of this policy.   It
insured the property against loss by fire, and permitted other
insurance.   And this declaration was sufficient.   If the clause
that appellees should only recover any greater proportion of
loss than the amount hereby insured bears to the whole sum
insured, had been contained in the clause agreeing to insure
the property, then it may be the position of appellant would
be correct.   But this latter clause is in a subsequent place in
the policy, and falls within the rule.   The rule applies to
suits on statutes as well as on contracts, and is well illustrated
in actions on penal bonds with conditions annexed.   Until
our statute changed the practice, it was the uniform course to
declare on the bond, leaving the defendant to set up the con-
dition by plea.

We deem it unnecessary to notice the other objections urged.
It is the province of the jury to weigh and consider the evi-
dence, and it would be unfair in us to discuss it on this record,
but it is proper to leave it for another jury to pass upon under
proper instructions from the court.

For the error in not allowing the motion for a change of
venue, the judgment of the court below is reversed and the
cause remanded.

*Judgment reversed.*