THE PEOPLE *ex rel.* Joseph Brockamp, County Collector, Appellant, *vs.* SARAH GROSS SMITH, Appellee.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. TAXES—*when objection that delinquent notice fails to state the year for which lands were assessed is without force.* An objection that the notice published with the delinquent tax list fails to state the year or years for which the lands were assessed is without force, where the notice states that the lands and lots in the list are those upon which the several taxes and special assessments "remain due and unpaid for the year 1913."

2. SAME—*statute does not require that collector shall separate total tax into items.* The statute only requires that the published delinquent list shall state the total amount of taxes claimed to be due upon each tract of land, and does not require the collector to separate the total tax into its component items.

3. SAME—*collector is only required to state name of owner if known to him.* The provision of the statute requiring the name of the owner of delinquent lands to be stated in the delinquent list must be complied with if possible, but the provision applies only when the name of the owner is known to the collector.

4. SAME—*term "Wm. Gross Est." is not the name of owner of land.* The term "Wm. Gross Est." is not the name of the owner of land within the meaning of the statute, but it will be presumed, in the absence of evidence to the contrary, that the collector, in using such term, did not know the name of the owner, and, if such is the case, the failure to state the name of the owner is not a valid objection to the delinquent list.

5. SAME—*when objection that collector did not make a prima facie case cannot be raised.* An objection that the collector did not make a *prima facie* case because the delinquent list was not properly verified cannot be raised on appeal, where the only objections raised in the court below were under a limited appearance questioning the jurisdiction of the court to entertain the application for judgment.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

HARRY HERSHEY, State's Attorney, W. B. McBRIDE, and TAYLOR & TAYLOR, for appellant.

CREA & HOUSUM, and L. A. MILLS, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Sarah Gross Smith interposed objections in the county court of Christian county to the rendition of judgment for delinquent taxes against her lands and those objections were sustained and judgment refused, and the People have prosecuted an appeal to this court.

The taxes for which judgment was asked were levied in Union Drainage District No. 1 of the towns of Stonington and Pleasant View, in the counties of Christian and Macon. The taxes include two assessments made by the drainage district, known as the third and fourth special assessments for drainage purposes. To the application for judgment appellee entered a special and limited appearance and filed objections to the jurisdiction of the county court. These objections having been held fatal, the court refused judgment without inquiring into the legality of the tax itself.

The objections which apparently were regarded by the court as fatal to the jurisdiction relate to the published delinquent list. A formal objection was made to the certificate of the publisher of the newspaper in which the delinquent list was published. The certificate was, however, amended by leave of court on the application of appellant, and this ground of objection was removed. There were other objections, however, to the delinquent list which were sustained. The delinquent list was published in the *Daily Courier*, a newspaper of general circulation in the county of Christian, as appears from the amended affidavit of L. E. Martin, who swears that he is manager and secretary of the Courier Company, a corporation, which is the publisher of the *Daily Courier*. The amended affidavit strictly conforms to the statute. A copy of the delinquent list was introduced in evidence and is found in the bill of exceptions. The list is headed "Delinquent Tax List," and is preceded by the statement that it is "a list of lands, town and city lots

lying and being in the county of Christian, State of Illinois, as returned by the collectors of the several towns in the said county on which the several taxes and special assessments thereon remain due and unpaid for the year 1913, as follows: The star (*) means that personal property tax, drainage tax, sidewalk tax, sewer tax or paving tax has been added." Following in regular order the foregoing heading, and under the sub-title "Stonington Twp.," the following appears:

"Town 14 North, Range 1 West.
     *Wm. Gross Est., NE NW sec. 12, 40 acres.......... 75.00
     *Same, W ½ NE ex. R.R. sec. 12, 75.3 acres.........144.00"

The lands above described are the lands for which the objections were interposed.

One of the objections to the sufficiency of the delinquent notice is that it does not state the year or years for which said lands were assessed. This objection is not supported by the facts. The notice above set out preceding the delinquent list states that the lands and lots in the list which follows were delinquent for the taxes and special assessments for the year 1913. This is a statement that all of the lands and lots in the list which follows were delinquent for the year 1913. There is no claim that taxes were delinquent for any other year than that stated in the notice.

It is also contended in objection to the sufficiency of the published delinquent list that it did not specify the character of the tax alleged to be delinquent. Section 182 of the Revenue act (Hurd's Stat. 1913, p. 2056,) provides in reference to the contents of the published delinquent list, that "said advertisement shall be once published at least three weeks previous to the term of the county court at which judgment is prayed, and shall contain a list of the delinquent lands and lots upon which the taxes or special assessments remain due and unpaid, the names of owners if known, the total amount due thereon, and the year or years for which the same are due." The statute does not require

that the published delinquent list shall contain every possible item of information which the record contains in respect to the imposition of the tax. The purpose of publishing the delinquent list is to give the property owner notice that his taxes have not been paid, and that application will be made for judgment and an order of sale unless said taxes are paid before the day fixed in the advertisement for a hearing of the collector's application for judgment. The statute only requires that the total amount of taxes claimed to be delinquent shall be stated. It does not require that the collector shall separate the total amount into its component items.

A further objection made to the delinquent list is that the owner's name is not stated. The statute requires the delinquent list to state the name or names of the owner or owners if the same are known. The fair inference from the advertisement is that William Gross, the former owner of these lands, was dead at the time the delinquent list was made up and published. This inference arises from the fact that the words "Wm. Gross Est." appear in the place where the owner's name should appear. The statute requiring the name of the owner to be stated in the delinquent list is a provision intended to safeguard the interest of property owners and must be complied with in all cases where the name of the owner is known to the collector. (*Gage v. People,* 205 Ill. 547.) "Wm. Gross Est." is not the name of the owner of real estate within the meaning of the statute. If William Gross died after the assessment and before the delinquent list was prepared he ceased to be the owner and the title passed to some other person, either as heir or devisee. The statute only requires the name of the owner to be stated when the owner's name is known to the collector. The duty to state the name is only required when the name is known. There is no requirement that the collector shall make any inquiry or use any other means to ascertain the name of the owner. There is no presumption

that the collector knows the names of the owners of real estate except those whose names appear on the collector's books. Proof that the name appears upon the collector's books or that the name was given in a previous delinquent list prepared by the collector is competent evidence tending to prove that the collector knew the name of the owner. (*Gage* v. *People, supra.*) It must be presumed, in the absence of any evidence to the contrary, that a failure of the collector to state the name of the owner in his delinquent list is due to a want of knowledge on his part as to the name of the owner. The burden of proof to show that the collector failed or neglected to state the name of the owner in the list and that the same was known to him is upon the objector. There being no proof that the collector knew the name or names of the owners of the real estate in question, the objection that such names were not stated in the delinquent list cannot be sustained.

It is said that appellant failed to make out a *prima facie* case, for the reason that the delinquent list was not properly verified by an affidavit of the collector. Appellee is not in a position to raise this question. The only objections filed below go to the jurisdiction of the court to entertain the application for judgment. There was no general appearance and no objection filed under which this question can be considered.

We are of the opinion that none of the objections to the jurisdiction of the court should have been sustained.

The judgment of the county court of Christian county is reversed and the cause remanded, with directions to the court to overrule all objections to the jurisdiction of the court, and if no other or further objections are interposed to the tax the court will proceed to enter judgment and order of sale unless said taxes are paid.

*Reversed and remanded, with directions.*