(No. 11627.—Reversed and remanded.)

THE PEOPLE ex rel. Charles Naylor, County Collector, Appellee, vs. EVA SMITH et al. Appellants.

*Opinion filed December 19, 1917.*

1. TAXES—*filing objections to merits of tax is a waiver of special appearance.* The filing of objections to the merits of a tax in a proceeding by the county collector for judgment is a waiver of a special appearance and gives the court jurisdiction to permit the making of amendments the same as under a general appearance.

2. SAME—*question of variance between publication notice and delinquent list must be raised in trial court.* A variance between the publication notice and the delinquent list in the description of the property taxed, where the objectors have effected a general appearance by interposing a defense on the merits, may be cured by amendment and should be pointed out in the trial court.

3. SAME—*when judgment is defective in form.* A judgment for taxes is defective in form which does not describe the tracts of land ordered to be sold nor refer to the application for judgment and order of sale, the delinquent list or other papers in the case for such description, and which does not show the amount of taxes, interest, penalties and costs for which judgment is entered.

4. SAME—*new trial will not be awarded when judgment is defective in form.* Where no error has intervened prior to the entry of a judgment for taxes a new trial will not be awarded for error in the form of the judgment but the cause will be remanded to the lower court with directions to enter a proper judgment.

5. SAME—*collector need not make inquiry for names of owners of delinquent property.* The statute only requires the name of the owner of delinquent property to be given in the publication notice when known to the collector, and does not require that the collector make a search of the records or an inquiry to ascertain the owners' names.

6. SAME—*defects in publication notice are waived by general appearance.* Defects in the publication notice and the application for judgment for delinquent taxes in regard to the names of the owners and the description of the property are waived by a general appearance and the filing of objections to the merits of the tax.

7. SAME—*the affidavit of the city collector need not be attached to return at the time of filing.* The affidavit of the city collector need not be physically attached to the return filed by him with the county collector provided it is filed with or made a part of the return when filed.

8. SAME—*the officers connected with levying a tax are presumed to have performed their duties.* The presumption is that the officers connected with the levying of a tax and making the return have performed their duties, and in a proceeding by the county collector the burden is upon those objecting to the tax to overcome this presumption.

9. SPECIAL ASSESSMENTS—*change of venue may be granted upon a proper showing.* Upon a proper showing a change of venue may be granted in a special assessment proceeding the same as in other cases.

APPEAL from the County Court of Edwards county; the Hon. P. C. WALTERS, Judge, presiding.

GEORGE W. PILLOW, for appellants.

ALLEN E. WALKER, State's Attorney, and BROWN, HAY & CREIGHTON, (A. H. BAER, and JOHN T. CREIGHTON, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by Charles Naylor, sheriff and *ex-officio* county collector of Edwards county, for the collection of the sixth annual installment of the special assessment of paving district No. 1 of the city of Albion against certain lots of appellants. It is admitted appellants have paid all prior assessments levied for this improvement. Appellants refused to pay this installment and the same was returned delinquent. When the application for judgment and order of sale was made they entered their special and limited appearances and filed special and general objections to the application for judgment. A hearing was had on all these objections, which were overruled and a judgment and order of sale entered against appellants' lands. This appeal followed.

Two sets of objections were filed. The substance of the first set is, that the notice by publication and the collector's report and application for judgment are insufficient because

the names of the owners as known to the county collector were not given and there is no proper description of the property in the notice by publication and the application for judgment. The substance of the second set is, that the court which entered the order confirming the special assessment roll had no jurisdiction of the cause and the order of confirmation was void, and that no sufficient delinquent list was filed by the special city collector with the county collector. The objections will be considered in the order indicated.

Certain property described in the application as "E. pt. L. 16, Blk. L., and W. pt. L. 17, Blk. L.," was assessed in the name of S. E. Quindry. It is urged this description is insufficient, in that it does not show the part of the lot which is assessed. On the hearing the court permitted the application to be amended by inserting a proper description of the portion of the lot assessed. Appellants insist the amendment did not cure the defect, for the reason that they had appeared specially and filed objections to the jurisdiction of the court, in which case the court has no power to permit such amendment. In *Walsh* v. *People,* 79 Ill. 521, we held that in proceedings against lands for delinquent taxes all amendments may be allowed which by law could be made in any personal action in that court. In *Nicholes* v. *People,* 165 Ill. 502, we held that a special appearance must be for the purpose, alone, of urging jurisdictional objections and be confined to a denial of jurisdiction; that an appearance for any other purpose than to question the jurisdiction of the court is a general appearance and a waiver of the special appearance. In *McManus* v. *People,* 183 Ill. 391, *Marshall* v. *People,* 219 id. 99, *People* v. *Warren,* 231 id. 518, and *People* v. *Cairo, Vincennes and Chicago Railway Co.* 243 id. 217, we held a general appearance, under which a party avails himself of all the benefits and advantages which a good notice could have given, cures all defects in the publication notice of the application for judgment.

In *People* v. *Bloomington Cemetery Ass'n,* 266 Ill. 32, we held that an appearance for any purpose other than to question the jurisdiction of the court was a general appearance, and said: "In a tax case, as well as in a personal action, a property owner may enter a general appearance, and in such case an objection that the notice was defective cannot be availed of. An appearance for any other purpose than to question the jurisdiction of the court is general. (*McChesney* v. *People,* 178 Ill. 542; *Nicholes* v. *People,* 165 id. 502; *Dickey & Baker* v. *People,* 213 id. 51; *People* v. *Smythe,* 232 id. 242.) Appellant not only filed objections questioning the jurisdiction of the court, but also filed other objections which went to the merits of the assessment. Under the authorities cited, therefore, it waived the jurisdictional question as to the defective notice." Here appellants filed general objections questioning the validity of the original judgment of confirmation, which, if sustained, would defeat not only this tax levy but all subsequent levies made for the other installments of this assessment. This was equivalent to the entry of a general appearance, as such objections go to the merits of the tax. They also filed objections based on the insufficiency of the special city collector's return to the county collector. In *People* v. *Smith,* 266 Ill. 344, we held an objection that the delinquent list was not properly verified by the county collector could only be made under a general appearance. Under the holdings in the authorities above cited, the filing of objections to the merits of the tax was a waiver of the special appearance and gave the county court jurisdiction to permit the making of the amendment complained of.

It is next urged that the judgment is erroneous as to certain property described as lot 2 in block S, and lot 10 in block S, north 67 feet, fronting on Third street, for the reason there is a variance in the description given in the publication notice and in the delinquent list. In the collector's report and application for judgment the description is given

as lot 3 in block S and in the publication notice as lot 2 in block S, and is assessed in the name of S. E. Quindry. The other property is assessed in the name of the Frank Coles, Sr., estate, and described in the publication notice as lot 10 in block S, north 67 feet, fronting on Third street, and in the county collector's report and application for judgment as lot 10 in block H, north 67 feet, fronting on Third street. How the property is described in the judgment is not shown in the abstract, for the reason the judgment appealed from is not abstracted at all. From the record it appears Constance Quindry appeared and filed objections as to the property described as lot 2 in block S, and John Hayman appeared and filed objections as to the property described as lot 10 in block S, north 67 feet, fronting on Third street. No one appeared or filed objections as to the property described as lot 3 in block S or lot 10 in block H. The judgment in the record shows the court found due notice was given of the intended application for judgment; that the objectors appeared and filed objections, which were overruled, and that judgment was rendered in favor of the People of the State of Illinois against said tracts or lots of land for the sum assessed to each, being the amount of the special assessment, interest, penalties and costs severally due thereon, and ordered that the property be sold to satisfy such special assessment, interest, penalties and costs. The judgment entered does not describe the property against which judgment is entered or refer to the application for judgment or to the delinquent list for a description of such property. Probably what was intended was to enter judgment against the tracts of land or lots described in the application for judgment and order of sale for the amount of taxes, special assessment, interest, penalties and costs due on each tract as shown by such list, which contained a description of the property. However, the judgment does not so state. But the owners of the property as described in such application appeared and interposed a defense on the

merits to the tax as to such property, and no question was raised by them of variance in the description between the collector's return and the notice and the application for judgment. The objection complained of, after a general appearance by the property owners, might have been obviated by amendment and should have been pointed out in the lower court. It is too late to raise it here for the first time. The judgment is, however, defective in not describing the tracts of land in the judgment ordered to be sold, or by referring to the application for judgment and order of sale, delinquent list or other papers in the case for a description of such property, and in not showing the amount of taxes, interest, penalties and costs for which judgment was entered. (*People* v. *Chicago Title and Trust Co.* 266 Ill. 224; *Gage* v. *People*, 205 id. 547.) This defect, however, is one in the form of the judgment and does not go to the validity of the proceedings prior to the entry of the judgment or to the substantial justice of the tax. In such case we have held that where no error has intervened prior to the entry of the judgment a new trial will not be awarded for such error in the form of the judgment but the cause will be remanded to the lower court with directions to enter a proper judgment. *Gage* v. *People, supra; People* v. *Smythe, supra; People* v. *Chicago Title and Trust Co. supra; People* v. *Chicago, Burlington and Quincy Railroad Co.* (*ante,* p. 500.)

It is next urged that the tax should have been abated because the evidence shows that certain lots were assessed in the name of the Frank Coles, Sr., estate and the Frank Coles, Jr., estate, and service by publication was had in that manner, when, as a matter of fact, the county collector knew, or could have ascertained on inquiry, the names of the heirs of each estate and given notice by publication accordingly. In *People* v. *Smith, supra,* we held that the statute only required the name of the owner to be given when known to the collector, and did not require that he make a

search of the records or an inquiry or an investigation to ascertain the owners' names. In this case the evidence shows such information could only have been ascertained by the county collector on inquiry or by search of the court records. The county collector testified he knew the children of Frank Coles, Sr., and Frank Coles, Jr., when he saw them but did not know their names, and that by making application to them he might have ascertained their names or from an examination of the records in those estates and of the recorder's office. His testimony is not disputed. It does not show that he knew the names of the owners of such property or could have ascertained the same without investigation and inquiry. This was not required of him. Nor were appellants injured or misled by the manner in which the application was made, as the record shows the heirs all appeared and filed objections to the validity of the tax extended against the lands assessed and published in the names of such estates. In such case a general appearance and filing objections to the merits of the tax waive the defects pointed out in the notice and application for judgment. *People* v. *Warren, supra; People* v. *Bloomington Cemetery Ass'n, supra.*

It is next urged that the return made by the special city collector to the county collector was not properly verified. The return is verified by the affidavit of George Whitting, special collector of the city of Albion, and was subscribed and sworn to by him before the county clerk on April 1, 1917. It further appears from the examination of Fred Tribe that he was special collector of the city of Albion in June, 1917. There is, however, nothing in the evidence to show that George Whitting, whose oath is attached to the return as special city collector, was not such officer on the date the return was made by him, some months before.

It is further urged the return is insufficient because the county collector testified the affidavit was not attached to the return at the time it was filed with him. The affidavit

is dated April 1, 1917, and was subscribed and sworn to on that date, and, so far as there is anything in the record to show, may have been filed with the return and as a part of it, although not physically attached to it at the time the return was filed. It was not necessary it be physically attached to the return so long as it was filed with or made a part of the return when filed. The affidavit was attached later. This was sufficient. The presumption is that the officers connected with the levying of the tax and making the return have performed their duties, and the burden was upon those objecting to the tax to overcome this presumption. Whitting's affidavit appears on the return on file as special city collector, and there is no sufficient proof in the record to overcome the presumption he was such officer at the time of making such return.

It is next urged the tax is illegal for the reason the county court of White county, which entered the judgment confirming the assessment roll, had no jurisdiction to enter such order at the time it was entered. It was stipulated on the trial that a petition for confirmation of the assessment was filed in the county court of Edwards county; that a change of venue was granted to the county judge of White county; that a trial was had before such judge in the county court of Edwards county and before a jury, and that a verdict rendered was set aside by the court. The city thereupon petitioned for a change of venue from that county on the ground of the prejudice of the inhabitants against its cause. Counter-affidavits were filed, and a hearing was had on the petition and a change of venue granted to the county court of White county. When the cause was reached for trial in that court a motion was made to remand the cause to the county court of Edwards county on the ground that the county court of White county had no jurisdiction of the cause, which motion was denied. The cause then proceeded to trial before a jury in that court, which returned a verdict confirming the assessment roll, upon which

281 — 35

judgment was entered. The court found in the judgment entered that it had full jurisdiction of all persons claiming any interest in the premises described in the assessment roll and of the cause, and that all the steps required by law to be taken had been fully complied with in the manner required by law and ordered that the assessment roll be confirmed, and directed the clerk to prepare and transmit a transcript of such judgment to the county clerk of Edwards county, to be entered of record as a judgment in that court. A motion in arrest of judgment was made and overruled and an appeal prayed and allowed but never perfected.

Appellants insist the county court of White county had no jurisdiction to hear the cause and the judgment entered by it is void for want of jurisdiction. In this connection our attention is called to the provisions of section 1 of chapter 146 of the Revised Statutes, entitled "Venue," which provides, among other things, that a change of venue in any civil suit or proceeding in law or equity, including proceedings for the exercise of the right of eminent domain, may be had in certain cases. While a proceeding for the confirmation of a special assessment is a special statutory proceeding, it is also a civil suit and it is a proceeding at law. The proceeding is conducted, except as specially provided by statute for suits of that character, the same as other suits. The judge of the court in which the proceeding is brought might be a party thereto, or interested in the suit, or a material witness, or related to a party to the proceeding, or may have been counsel for one of the parties in regard to the matter in controversy, so that there would be the same reason for a change of venue from the judge in such proceeding as there would be in any suit or proceeding brought in the court over which such judge presides. There might also be cause for a change of venue because of the prejudice of the inhabitants of the county. We see no reason why a change of venue should not be granted in

such case the same as in other cases, on a proper application and showing.

For the reasons above stated the judgment of the county court, in so far as it overruled all objections to the taxes, will be approved, but the judgment will be reversed and the cause remanded to that court, with directions to enter a proper judgment and order of sale in accordance with the provisions of section 191 of the Revenue act, and to spread the same of record in the tax, judgment, sale, redemption and forfeiture record.

*Reversed and remanded, with directions.*