Alex F. Talbot, Appellee, v. Lyman A. Stanton, Appellant.

Gen. No. 43,521.

Heard in the first division of this court for the first district at the October term, 1945. Reversed and remanded with directions. Opinion filed January 7, 1946. Released for publication January 21, 1946.

WINSTON, STRAWN & SHAW, of Chicago, for appellant.

ENGLAND & O'TOOLE, of Chicago, for appellee.

Mr. Justice Niemeyer delivered the opinion of the court.

Defendant appeals from a judgment entered against him on trial before the court without a jury after denial of defendant's motion for a change of venue on the ground of prejudice of the presiding judge.

Action against the defendant was commenced March 30, 1944 by plaintiff as assignee of a judgment entered December 19, 1931 in favor of the Citizens National Bank of Chicago Heights against defendant for the amount due on the judgment; on April 11, 1945 an amended complaint was filed, to which defendant filed a motion to dismiss alleging another action pending involving the same claim; on September 24, 1945, after the present appeal was perfected, an order was entered *nunc pro tunc* as of May 17, 1945 denying plaintiff's motion for a judgment for failure of the defendant to plead or answer the complaint, and overruling defendant's motion to dismiss the suit; on the same date a second order was entered *nunc pro tunc* as of June 5, 1945 continuing plaintiff's motion for a judgment for failure of the defendant to answer the complaint to June 8, 1945 without further notice. June 6, 1945 defendant served notice on plaintiff's attorneys that on June 8, 1945 defendant would present his petition for change of venue; on the latter date the trial judge, whose alleged prejudice is the ground for the change of venue, entered an order denying the change of venue, calling the cause for trial as a non-jury matter and, upon hearing all of the evidence adduced, finding the issues in favor of the plaintiff, assessing the plaintiff's damages at $19,502.95 and entering judgment for that amount. The only point urged for reversal of the judgment is the refusal of the trial judge to grant the change of venue.

The defendant's petition was in proper form and duly verified as required by the statute. No discretion was given to the court, and defendant's right

to a change of venue was absolute (*People v. Scott*, 326 Ill. 327) unless, as contended by plaintiff, the motion came too late or defendant waived his right by being present and participating in the trial which followed refusal of his motion. Plaintiff relies upon the case of *Commissioners of Drainage Dist. No. 1 v. Goembel*, 383 Ill. 323, where the court said (328, 329) : "If the hearing on legal objections to the petition is to be deemed as a part of the hearing of legal objections to the assessment roll and the trial on benefits, then it must be said that the application for change of venue came after the hearing started and was too late. The similarity of questions raised as to each set of legal objections shows that appellants treated the two hearings as one. When the court ruled on the objections to the petition, appellants knew what the judge's attitude would be when the same objections were filed to the assessment roll. Under the circumstances each hearing must be taken to be a part of the whole proceeding. Appellants undertake to base their belief of the judge's prejudice upon the statements Judge LUDENS made a few days previous to the filing of the petition for change of venue. The time of becoming acquainted with that fact merely overcame the bar raised by section 6 of the Venue Act and did not meet the requirement that the application must be made before the hearing starts." The present case is easily distinguished. The record does not show that plaintiff's motion for judgment for failure of defendant to answer the complaint was presented to and was under consideration by the court when the motion for change of venue was presented; there is no suggestion that the court had given any intimation of his views respecting that motion; no order was entered on the motion; no answer of defendant was on file; defendant was not defaulted and the case was not at issue at the time of the trial, which the order of the court shows was had; it was not being called for trial. The motion

was made in apt time. *Yedor v. Chicago City Bank & Trust Co.*, 323 Ill. App. 42, 58, and cases cited.

Upon denial of the petition for change of venue the case was heard by the motion judge from whom the change was sought, the record reciting: "Thereupon this cause being called for trial as a non-jury matter come the parties to this suit by their respective attorneys respectively." Plaintiff contends that this shows participation in the trial by defendant's attorneys, constituting a waiver of the right to change of venue. To so hold would make the right to a change of venue of little practical use. A litigant having a meritorious cause of action or defense who was wrongfully denied a change of venue would suffer a judgment to be entered against him as in case of default if he elected to stand on his petition. If he waived his right under his petition for change of venue he would submit his cause or defense to a prejudiced judge. In either case the purpose of the statute would be defeated. As said in *People v. Scott* case 326 Ill. (p. 341): "The spirit of our laws demands that every case, whether a statutory proceeding or otherwise, shall be fairly and impartially tried, and no judge should think of presiding in a case in which his good faith in so doing is open to such serious question as that presented by this record. These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, and should be construed so as not to defeat the right attempted to be attained therein." In passing on a litigant's right to participate in a trial following denial of his motion for a change of venue, the Supreme Court in *Gillette v. Aurora Rys. Co.*, 228 Ill. 261, said (p. 268): "It is also urged that this error in denying a change of venue was waived by the defendants going to trial without protesting, and counsel cite the case of *DuQuoin Water-Works Co. v. Parks*, 207 Ill. 46, as supporting that claim. That case and other like cases have no

relevancy to this question. There a change of venue had been granted and the venue changed to another judge. Two years afterward the judge who had been disqualified heard the cause and the defendants failed to call his attention to the disqualification. In such cases it has been considered that a judge might overlook or not recall the fact, and it is the duty of a party affected by the disqualification to call attention to it. In this case the court overruled the motions and ordered the parties to proceed at once with the trial, and they excepted. The court denied the motions under an erroneous view of the law, and as the denial was prejudicial error, it is ground for a reversal as to the appellants who applied for a change of venue.'' That case was decided at a time when exceptions to the ruling of the trial court were required. This is no longer the practice. (Sec. 80, Civil Practice Act, Ill. Rev. Stat. 1945, ch. 110, par. 204 [Jones Ill. Stats. Ann. 104.080].) Directly opposite is the holding in *Patek v. Baim,* 299 Ill. App. 405, relied upon by plaintiff, where the court, we believe erroneously, followed *Noyes v. Kern,* 94 Ill. 521. The *Noyes* case is analogous to *Du-Quoin Water-Works Co. v. Parks,* 207 Ill. 46, distinguished in the *Gillette* case, *supra,* and held to have no relevancy to the question being considered. Plaintiff also relies upon *City Nat. Bank & Trust Co. of Chicago v. Sewell,* 300 Ill. App. 582, which cited *Kerner v. Peterson,* 368 Ill. 59, 81. Examination of the record in the *Sewell* case shows that appellants continued to participate in the proceedings before the trial court after denial of their petition for change of venue, but the effect of that participation as a waiver of the right to a change of venue was not considered. In that case and in the *Kerner* case the reviewing court refused to consider the alleged error of the trial court in refusing to grant a change of venue because the appellants were also asking the court to consider the cases on the merits, for the reason, as stated by the Supreme Court,

that if the point as to refusal to grant a change of venue was well taken, consideration of the merits would be unnecessary. No authority is cited in support of this ruling which abrogates the uniform practice of the Supreme Court of considering on appeal questions relating to change of venue and to the merits of the case. *McGoon v. Little,* 7 Ill. (2 Gilm.) 42; *Knickerbocker Ins. Co. v. Tolman,* 80 Ill. 106; *Carrow v. People,* 113 Ill. 550; *Cantwell v. People,* 138 Ill. 602; *Gillette v. Aurora Rys. Co.,* 228 Ill. 261; *People v. Gerold,* 265 Ill. 448; *People v. Smith,* 281 Ill. 538; *People ex rel. Little v. St. Louis Merchants Bridge Co.,* 282 Ill. 408; *Sproul v. Springman,* 316 Ill. 271; *People v. Scott,* 326 Ill. 327. A change of venue is a substantial right of a litigant, not merely a matter of practice. *Agar Packing & Provision Corp. v. United Packinghouse Workers of America,* 311 Ill. App. 502; *Krueger v. Cummings,* 314 Ill. App. 492. "It is but the utterance of a legal platitude to say that it is of the utmost importance that every man should have a fair and impartial trial of his case, and that to secure this great boon two things are absolutely essential—an impartial jury, and an unbiased judge. But we go further and say that it is also important that every man should know that he has had a fair and impartial trial, or, at least, that he should have no just ground for the suspicion that he has not had such a trial." *Kentucky Journal Pub. Co. v. Gaines,* 139 Ky. 747, 110 S. W. 268. The right to a change of venue is not affected by the fact that there is no merit in the cause or defense in the party seeking the change (*Knickerbocker Ins. Co. v. Tolman,* 80 Ill. 106), or by the fact that there is no error in the subsequent proceeding. In *Rugenstein v. Ottenheimer,* 78 Ore. 371, 152 Pac. 215, where it was held that the trial court erroneously refused to grant a change of venue because of alleged prejudice of the trial judge, the court said: "It is true, as suggested by counsel for respondent, that a careful examination

of the record fails to disclose any indication of bias or prejudice in the subsequent trial, but we approve what is said in the case of *Massie v. Commonwealth*, 93 Ky. 588, 20 S. W. 704; 'But, it is said, the record, so far as the judge's rulings are concerned, indicates no hostility or prejudice against th'e appellant. But that is not the question; for the accused has the right to be tried by a judge that is fair and impartial, and when he has good reason to believe, supported by facts, that he will not afford him such trial, he should not be compelled to take chances of a trial before that judge in order that the truth of the matter may be developed, . . . because there are many ways that a partial or prejudiced judge may knife a party that he is trying without it appearing from the record or without his being able to ascertain the fact. So, when the fact is made to appear by proper affidavits, the judge should then vacate, and it is a reversible error if he does not.' "

The motion having been made in apt time upon a petition in proper form, and the right not having been waived by defendant, it was error to deny the change of venue, and all subsequent orders except those entered *nunc pro tunc* to correct the record should be rescinded. *Yedor v. Chicago City Bank & Trust Co.*, 323 Ill. App. 42; *Mockler v. David F. Thomas & Co.*, 273 Ill. App. 121, 125.

The judgment is reversed and the cause remanded with directions to grant the change of venue and to rescind the judgment.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.