**The Lionel Corporation, Appellant, v. Central Appliance and Furniture Company, Inc., Appellee.**

**Gen. No. 46,345.**

Opinion filed November 24, 1954. Released for publication December 16, 1954.

WEISSENBACH, HARTMAN, CRAIG & OKIN, of Chicago, for appellant; HARRY OKIN, and CECIL E. MAGID, both of Chicago, of counsel.

WISCH, CRANE & ROSELL, of Chicago, for appellee; MYRON E. WISCH, and LEON A. ROSELL, both of Chicago, of counsel.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action under the Illinois Fair Trade Act (Ill. Rev. Stats. 1953, ch. 121½, §§ 188–191 [Jones Ill. Stats. Ann. 134.08–134.11]) seeking an injunction and damages. Injunctive relief was granted plaintiff in a decree of February 23, 1950. On December 3, 1953 the decree was vacated. Plaintiff has appealed.

The first order, appearing in the record, following the entry of the decree of February 23, 1950 is an order entered October 23, 1953, reassigning the cause for further proceedings "in conformity with the decree."

This was on defendant's motion and apparently without notice to the plaintiff. On November 5, 1953 defendant upon notice to plaintiff was given leave to file the petition to vacate. The chancellor ordered the petition filed and set a hearing on the petition for November 9th. November 6th plaintiff petitioned for change of venue. The change of venue was denied after the chancellor "heard arguments" and was "advised in the premises." Thereafter the proceedings led to the entry of the order of December 3, 1953 from which this appeal is taken.

 The defendant urges the novel contention that because the decree of February 23, 1950 reserved jurisdiction the order for the injunction was interlocutory and the petition to vacate a virtual motion to dissolve and the instant decree an order of dissolution of an interlocutory order from which there is no appeal. That decree is expressly "permanent" and the record and the terms of the decree in our opinion establish the injunction as permanent. That decree despite the reservation "for enforcing, modifying or altering" ordered the issuance of a permanent injunction and was not an interlocutory order. (*Roddy v. Armitage-Hamlin Corp.*, 401 Ill. 605, 610.) It seems clear a permanent injunction was contemplated under the conditions and circumstances existing when the injunction issued.

 Furthermore the decree of December 3, 1953 did not merely modify or alter a previous decree but vacated it. Also an order dismissing the complaint would not have been proper because the complaint sought damages as well as the injunction. This fact, however, does not render the order unappealable since the decree vacating the injunction order definitively disposed of the prayer for injunction and is accordingly appealable. *Ylonen v. Ylonen*, 2 Ill.2d 111, 116;

*Roddy v. Armitage-Hamlin Corp.*, 401 Ill. 605, 608–13; *Brauer Machine & Supply Co. v. Parkhill Truck Co.*, 383 Ill. 569, 573–9; *Rettig v. Zander*, 364 Ill. 112, 115–16.

. We have read *Rettig v. Zander*, 364 Ill. 112, and the other cases cited by the defendant and find no rule inconsistent with our conclusion on this point. Defendant refers us to *Murphy v. North American Co.*, 24 F. Supp. 471, for an injunctional decree which reserved jurisdiction to modify or alter a decree in the future. The court there characterized the decree as a "final decree."

Plaintiff contends the chancellor erred in denying the change of venue. The only relevant reason assigned by the chancellor for denying the change was that it was filed after "the court had entered an adverse ruling to plaintiff in permitting the filing" of defendant's petition to vacate. The order of denial entered November 6, 1953 recites that "the objection of plaintiff filing of defendant's motion and petition is denied." Defendant argues that the record therefore shows the petition for the change of venue was not timely and the chancellor did not err in his ruling although the petition conformed to the formal requirements of the Venue Act. (Ill. Rev. Stats. 1953, ch. 146 [Jones Ill. Stats. Ann. 107.316 et seq.].)

■ We think the chancellor erred in denying the change of venue. The adverse ruling referred to by the chancellor and the defendant was as to whether the petition to vacate should be filed. The ruling was not upon the sufficiency of the petition. Until the petition was filed there was no issue or proceeding before the chancellor which could be changed.

In *Talbot v. Stanton*, 327 Ill. App. 491, a motion for change of venue was held timely though made while movant's motion to dismiss was pending. In the instant

463

case plaintiff's motion to dismiss was not made until after the change of venue was denied. In *Commissioners of Drainage Dist. No. 1 v. Goembel,* 383 Ill. 323, the court at page 329 said: "the application must be made before the hearing starts." The order in the instant case denying the change set a date for a hearing thereof in advance of the date of the hearing of the petition to vacate. In *Juckins v. Professional Service Corp.,* 318 Ill. App. 368 cited by defendant, the case was at issue and was held for trial at 10 a. m.; when it was called for trial at 11:30 defendant asked for a continuance which was denied: defendant then made the motion for change of venue; and the motion showed defendant knew of the judge's "prejudice" when the motion for a continuance was made.

■ Because we have decided the chancellor erred in denying the change of venue it follows that all proceedings subsequent to the order of November 6, 1953 are void. *Talbot v. Stanton,* 327 Ill. App. 491.

The decree of December 3, 1953 is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

Lewe and Feinberg, JJ., concur.