David H. Moss, Appellee, v. Sol M. Waytz, Appellant.

Gen. No. 46,415.

First District, Third Division.
February 2, 1955.
Released for publication February 25, 1955.

Bernard B. Brody, and William Vihon, both of Chicago, for appellants; William Vihon, of Chicago, of counsel.

Myer N. Rosengard, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action for a declaratory judgment establishing rights among stockholders and defendant corporation. The trial court entered judgment on the pleadings for plaintiff and defendants have appealed.

Plaintiff and defendant, Sol Waytz, were partners in the medicine and pharmaceutical supply business. On October 30, 1947, Max Waytz was admitted to the partnership under a contract signed by him and the two partners. Pursuant to this agreement they formed the defendant corporation. Max Waytz was issued 75 shares of stock, Sol Waytz 75 shares, and plaintiff 100 shares. They were the sole directors and under the agreement, Max Waytz was elected president, Sol Waytz treasurer and plaintiff secretary. Further under the agreement each was paid $100 weekly with an additional $30 expense account.

In June 1951, plaintiff sold 50 shares of his stock to Max Waytz as the agreement required. He retired from the business in accordance with the agreement on June 30, 1951. In July 1951, Benton Waytz purchased 25 shares from Max and Sol Waytz and was elected a vice president. Max, Sol, and Benton Waytz are brothers and they and plaintiff are registered pharmacists.

On April 28, 1953 at a special meeting of the board of directors, resolutions were presented to increase the salaries of the Waytz brothers from $100 to $150 weekly. The brothers voted for the resolutions with the one affected not voting. Plaintiff voted against each resolution. All three resolutions carried two to one, since Benton Waytz voted as a director.

Plaintiff's motion under section 45 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 169; Jones Ill. Stats. Ann. 104.045] for judgment on the pleadings was sustained on the ground that the answer was insufficient in substance. The chancellor found that Benton Waytz was not a lawful director; that the preincorporation contract was valid and binding on all defend-

ants; that the contract required a unanimous vote and this requirement was not affected by a subsequent bylaw providing for a majority vote; that the resolutions adopted at the special meeting were void; and that payment of the salaries under the resolutions were unauthorized. He ordered the excess of $100 per week to each officer be reimbursed forthwith and restrained payment of salaries in excess of $100 per week until unanimous resolutions, of lawful directors, authorizing the increases were adopted. He reserved jurisdiction for the purpose of enforcing the decree.

Defendants contend that a shareholder's derivative action in equity was available to plaintiff and therefore, under Goodyear Tire & Rubber Co. v. Tierney, 411 Ill. 421 and Coven Distributing Co. v. Chicago, 346 Ill. App. 448, plaintiff cannot maintain a declaratory judgment suit. This point was not made in defendants' motion to dismiss, was not raised in any other way at the hearing and is not before us.

The preincorporation agreement providing for unanimous vote is valid. Fitzgerald v. Christy, 242 Ill. App. 343. Defendants argue that the preincorporation agreement was not adopted by the corporation and consequently is not binding and that entering judgment on the pleadings was error since there are triable issues of fact. We think not.

The answer states that there were four directors after 1951 with no charter amendment authorizing the change in number from three to four. This admission aside from the contract was enough to nullify the resolutions with respect to Sol and Max Waytz at the special meeting. The reason is that there were only three lawful votes and on the resolutions affecting Sol and Max Waytz, two of these were cast, one for and one against each resolution, so that whether a unanimous vote under the agreement or a majority under the bylaw was required these resolutions did not pass.

Plaintiff voted against the Benton A. Waytz resolution and Sol and Max Waytz voted for it. This resolution must fail also if the contract controlled this action, because the contract required unanimous vote.

The decision on this point rests on the question whether the corporation and its directors were bound by the preincorporation contract. Defendants contend this was a question of fact which rendered the judgment on the pleadings erroneous.

The pleadings disclose that the three partners who made the contract were sole owners of all the partnership assets; that these assets were transferred to the corporation of which the three incorporating partners were sole stockholders and directors; and that thereafter until the date of the special meeting all provisions of the contract were adhered to including the provisions for unanimity among directors in dealing with corporate affairs. These facts justified the chancellor's judgment, under the holdings in White v. Stevens, 326 Ill. 528, and Perry v. Nevin Hotel Co., 349 Ill. App. 22.

The answer does state that the corporate records contain no formal adoption of the preincorporation agreement and also that a bylaw provides for rule by a majority vote. These facts were not fatal to the judgment. There was neither formal resolution adopting, nor reference to, the contract in the minute book in Perry v. Nevin Hotel Co. The majority rule bylaw was not recognized in the administration of the corporation until the special meeting. The contract unanimity rule was honored during that period. This clearly indicates that having adhered to the unanimity rule there could be no departure from it except by unanimous vote of plaintiff and Sol and Max Waytz.

This conclusion disposes of the contentions that Benton Waytz was not bound by the preincorporation contract. Those who voted for the increase in his salary were bound and the president who proclaimed the

300

resolution "carried" was bound. The votes and proclamation were ineffective to produce valid resolutions.

 The decree definitively established the rights of the parties as they existed at the time of the suit. The decree was therefore appealable. The fact that jurisdiction was reserved to enforce the provisions did not render it nonappealable. Lionel Corp. v. Central Appliance & Furniture Co., 3 Ill.App.2d 460, 462.

For the reasons given the judgment is affirmed.

Judgment affirmed.

LEWE and FEINBERG, JJ., concur.