In the Matter of the Estate of Lawrence Wakefield, Deceased.

People of the State of Illinois, Appellee, v. Constance Stineberg Wakefield, Appellant.

In the Matter of the Estate of Lawrence Stineberg Wakefield, Deceased.

Constance Stineberg Wakefield, Petitioner-Below Appellant, v. James L. O'Keefe, Public Administrator of Cook County, etc. et al., Respondents-Below Appellee.

Gen. Nos. 50,332 and 50,333.

First District, Second Division.

November 29, 1966.

Louis P. Miller and J. H. Silver, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division and Donald J. Veverka, Assistant State's Attorney, of counsel), for appellee, State of Illinois.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is a consolidated appeal from the judgment of the Circuit Court of Cook County, Probate Division, which denied appellant's petition for letters of administration, and which held the appellant in contempt of court for perjury and attempted fraud, and assessed costs and attorney's fees against her. The only issue which we need consider on this appeal is the claim of the appellant that she was wrongfully denied a change of venue.

Briefly, the factual background of this case is as follows: Lawrence Wakefield died leaving a sizeable fortune. Constance Wakefield, the appellant, filed a petition claiming to be the only daughter and heir at law of the deceased. This cause of action came up for hearing on November 9, 1964. At the opening of the court, and before any other proceedings were had, petitioner by her attorney presented a petition for a change of venue, alleging that the trial court was prejudiced against her and that she feared she would not receive a fair trial. The petition further alleged that the prejudice of the judge first came to appellant's attention on November 6, 1964, the Friday preceding the Monday on which the petition was presented to the court. No court days intervened between November 6 when the alleged prejudice came to the knowledge of the appellant and November 9 when the petition was presented to the court. This petition was denied, not because of any irregularities or insufficiencies, but solely "as a matter of time."

 The rule in this State is not that a petition must be filed before the trial has begun, but that it must be

filed before any formal hearing dispositive of any substantive issue. People v. Chambers, 9 Ill2d 83, 136 NE2d 812; Roherty v. Green, 57 Ill App2d 362, 206 NE2d 756; Steiner v. Steiner, 44 Ill App2d 355, 194 NE2d 508. On the basis of the above criterion, the petition in this case was filed in apt time. The record shows that the original petition by appellant requesting that she be adjudged the sole heir of the deceased was filed on May 19, 1964. An answer to this petition was filed by the Public Administrator. An order was entered substituting attorneys for petitioner. And, a motion was filed by the attorneys for another claimant praying that the appellant be held in contempt for failing to appear or produce documents on a deposition. The next document filed, as shown by the record, was the petition for change of venue. From the above, it is obvious that when the petition was presented at the opening of the court, no order had been entered going to the merits or substance of this controversy.

The situation in this case is analogous to the situation in Ace Match Corp. v. Consolidated Modern Press, 5 Ill App2d 240, 125 NE2d 308, where the cause of action was set to be heard on January 5, 1954. When the case was called for trial defendant presented a petition for change of venue, stating that knowledge of the prejudice of the trial court first came to him on December 29, 1953. There were only two court days left in 1953, and on January 1, 2, and 3 of 1954 no business was transacted in the courts. On January 4 notice of the petition was served, and on January 5 it was presented. The trial court refused to grant the petition. In reversing, the Illinois Appellate Court said:

> "In the instant case the defendant presented his petition immediately at the opening of court and before the hearing had started (Lionel Corp. v. Central Appliance and Furniture Co. Inc., 3 Ill App2d 460, 122 NE2d 832). Under the circumstances shown

by this record we think the petition for a change of venue was presented at the earliest practicable moment. We are, therefore, of the opinion that the trial judge erred in denying the change of venue."

We reiterate that in the present case the only ground for denial of the petition for change of venue was that the petition was not filed in time. No objection was made as to the form or sufficiency of the petition. It does not appear that appellant in seeking a change of venue did so in order to delay the hearing. In view of the above authorities we have no choice but to reverse and remand this cause of action for a new trial.

■ In view of the fact that we have decided that the trial court erred in denying the petition for a change of venue it follows that all proceedings (including the contempt citation and fixing of costs) subsequent to the order of denial are void. Talbot v. Stanton, 327 Ill App 491, 64 NE2d 388; Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33.

For the above reasons the judgment of the trial court is reversed and the cause remanded with directions to grant the change of venue and for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded with directions.

LYONS and BURKE, JJ., concur.